BLACKMAN and another vs. THE TOWN OF DUNKIRK.

In an action against a town board of supervisors on a claim for the town bounty of a recruit, by persons who claimed as assignees, the record of the board, showing that it had allowed said claim and issued orders for the amount thereof in favor of the recruit himself before plaintiffs presented their claim, was not conclusive against the plaintiffs; but it was for the jury to determine from all the evidence whether such orders had been *delivered* to said recruit, or to his authorized agent, before plaintiffs presented their claim.

The orders issued to said recruit having been assigned *after* plaintiffs presented their claim, with an indorsement of part payment thereon dated *before* such presentment, was not conclusive as against plaintiffs that payment was actually made, or that the orders had been delivered on the day of such date.

*It seems* that such orders could not properly be issued until such claim had been *audited* by a board composed in accordance with the provisions of sec. 79, ch. 15, R. S.

APPEAL from the Circuit Court for *Dane* County.

Action upon a claim for $200 for bounty, assigned to the plaintiffs by one Cook, who had volunteered, was enlisted and accepted into the service of the United States in January, 1864. The assignment was made February 2d, and the plaintiffs filed it with the town clerk on the 10th of the same month, together with proof that said Cook had been mustered into the service and credited to said town. The defendant introduced in evidence a record of the proceedings of the board of supervisors of said town, on the 27th of January, 1864, at which there were present two supervisors, and at which two orders were directed to be drawn in favor of said Cook for $100 each, in payment of the bounty due him. The plaintiff objected to this evidence, "because it did not appear that said pretended board of supervisors was constituted of three supervisors, or of one or more supervisors and a sufficient number of justices of the peace to constitute a board of three; and because it did not appear that said pretended board had any authority to audit and allow an account in favor of said Cook, or that any account therefor was presented to said pretended board for allowance by said Cook, or at his request." Objection overruled. Defendant then introduced in evidence, against plaintiffs' objection, the two orders referred to in said record. They bore date January 27, 1864, and were signed by the chairman, but not countersigned by the clerk of said board. On each there was an indorsement by said Cook, under date February 13, 1864, directing payment to be made to Isaac Gregory; and on one of them was indorsed a receipt for $73.85, under date February 5, 1864; and both orders were cancelled. The plaintiffs then proved that one of the supervisors of said town was not present at said meeting of January 27th, nor notified of it, and that no justice of the peace was called on to act as a member of the board. The court instructed the jury as follows: "I have admitted the record of the allowance of the claim and the orders issued by the board on the 27th of January, as be-

ing, in law, sufficient to discharge the board of any further action in the matter.    Under this ruling the plaintiffs cannot recover."

Verdict and judgment for defendant; and the plaintiffs appealed.

*E. & C. T. Wakeley* and *Frank Allen*, for appellants.

*Hopkins & Foote*, for respondent, contended that sec. 79, ch. 15, R. S., did not apply to the issue of the orders in this case, but the *board of supervisors of each town* was authorized by secs. 1 and 3, ch. 13, Laws of Extra Session, 1862, to issue bounty orders.    2. That even if said sec. 79 applied, it did not *require* but merely *permit* the supervisors, in the absence of one or more of their number, to call in one or more justices to constitute an auditing board.    *Cutler v. Howard*, 9 Wis., 309.

*By the Court*, COLE, J.    We are of the opinion that the court erred in the last instruction which it gave the jury, in regard to the effect of the record.    The circuit court said that it had admitted the record of the allowance of the claim, and the orders issued by the board on the 27th day of January, as being in law sufficient to discharge the board of any further action in the matter, and that under this ruling the plaintiffs could not recover.    The error in this instruction was in not submitting to the jury the question whether the orders issued were delivered to Cook, or to his authorized agent, before the plaintiffs presented their claim.    It is assumed that they were, and that the record introduced in evidence conclusively established the fact that they were so delivered.    But all the record shows upon the point is, that at a meeting of the town board on the 27th of January, which was composed of only two supervisors, the claim of Cook was audited and allowed by them; that two town orders in the usual form were issued to Cook, each for $100, which were not countersigned by the clerk. It appears that Cook assigned these orders to Gregory on the 13th of February.    And there was a payment of $75 indorsed

on one of the orders, bearing date the 5th of February.   The inference sought to be drawn from all this is, that the orders were delivered to Cook and held by him when the payment was made ; and as this was before the board had any notice of the assignment of the claim to the plaintiffs, the board was exonerated from all further responsibility in the matter.   But suppose the jury had been satisfied, from other facts and circumstances, that the orders had not been delivered to Cook on the 5th of February, nor until after the 10th of that month, when the plaintiffs presented to the board Cook's assignment of the claim to them ; then this inference would have been repelled.   Possibly the jury would have so found had the question been submitted to them.   The indorsement of payment and the assignment of the orders were not conclusive upon the point that they were actually made when they bore date.   And it should have been left to the jury to determine whether in fact the orders were delivered to Cook, or his authorized agent, before the presentation of the plaintiffs' claim to the board.

We are likewise inclined to the opinion that the claim of the recruit should be audited by a proper auditing board.   The statute expressly provides that the supervisors of the town shall constitute a board for auditing accounts, and that in the absence of one or more of the supervisors, so many justices of the town shall be called in as together with the supervisors present shall make a board of three.   Sec. 79, chap. 15, R. S. In the transaction of most of the business of the board, two supervisors can act (sec. 65); but in the discharge of this special duty, for greater safety probably, the law absolutely requires that the auditing board shall consist of three persons. It is admitted that at the meeting of the board on the 27th of January, only two supervisors were present, and that no justice was called in to make a board of three.   Such a board had no right to act as an auditing board.   But it is said there was no necessity for an auditing board in the case; that the amount to

be paid the recruit was fixed by the electors of the town under chap. 13, Laws of 1862.   See Laws of 1863, p. 23.   It is very true that the auditing board had nothing to do in adjusting the amount which was to be paid a recruit.   But it did, in every case, have to determine whether a person had been mustered into the service of the United States and credited to the town, so as to be entitled to the bounty money.   To determine this called into exercise the function of an auditing board.   And we think it the better view of the act of 1862, to say that it contemplated the action of an auditing board in the case.

The judgment of the circuit court is reversed, and a new trial ordered.