STATE ex rel. BANCROFT VS. STUMPF.

*Election Laws; certain provisions directory.*

The statutory provision which requires the board of inspectors at all general elections to consist of *three* persons, is directory only.

Action in the nature of a *quo warranto*, to try respondent's title to the office of treasurer of Portage county. The questions considered arose upon demurrer to the answer; but the pleadings are no longer on file here. It appears that the complaint alleged that the relator received a majority of the votes cast for the office in question at the last preceding election; and that the answer, denying this allegation, averred, among other things, that a majority of the votes cast in the town of Stevens' Point were included in the number claimed to have been cast for the relator in said county; and that the election held in that town was invalid, for reasons which are stated in the opinion.

*S. U. Pinney* and *G. L. Park*, for relator.

*Miner Strope*, for respondent.

COLE, J. It appears to us that the only part of the answer which can reasonably be claimed to be good on the demurrer, is that which relates to the election at the town of Stevens' Point. It is alleged that there were but two inspectors of election for that town. Other irregularities in the manner of conducting the election in that town, and in the canvassing and return of the votes, are stated in the answer; but the most serious objection is, that there were only two inspectors. It is insisted that this error renders the election in that town absolutely void, and that all the votes cast at that poll must be rejected on that ground alone. Our statute undoubtedly contemplates that each election board shall be composed of three inspectors and two clerks (R. S., chap. 7, sec. 20 et seq.), and

such reasonable and proper requirements of the law ought not to be disregarded. But if these statutory regulations are not complied with, and the board is composed of only two inspectors, what is the consequence? Does the irregularity vitiate and destroy the election at such poll? It appears to us not, and that these provisions of the statute in regard to the number of inspectors and the manner of organizing the board, are in the main directory in their character, and not imperative. Precisely the same objection was taken in the celebrated case of *The People v. Cook*, 4 Selden, 67, to the election held in the 14th ward of the city of New York. The law of that state requires, like our own, that there should be three inspectors in each election district. Mr. Justice TAGGART, in his dissenting opinion, pp. 95 and 96, states the facts in relation to the election in the 14th ward of the city of New York, as follows: "In the temporary absence of two of the inspectors, O'Neill, the third inspector, appointed McLaughlin inspector. McLaughlin acted as inspector three times during the day, at one time with one other inspector, at one time with two others, and at another time with three other inspectors; first acting with O'Neill until Price, one of the absent inspectors, returned; and then with O'Neill and Price, until Gilmore, the other absent inspector returned; and when they both returned he ceased acting. At a subsequent time McLaughlin returned and acted as inspector with Price and Gilmore, in the absence of O'Neill; and afterwards acted as inspector sometimes with one and sometimes with two, until all three of the regular inspectors had returned; when he ceased to act for the time and went away; and that near the time of closing the polls McLaughlin returned to the poll room." So although there were at times only two inspectors at the poll and acting, then three, and then at times four inspectors, still the court held that the irregularity did not vitiate the election, because the statutory regulations for conducting an election are directory and not jurisdictional

in their character; the main object of such laws being to afford all persons entitled to vote an opportunity to exercise the elective franchise, to prevent illegal votes, and to ascertain with certainty the true number of votes cast, and for whom. In the case of *The State on complaint of Doerflinger v. Hilmantel,* arising under the registry law of 1864 (chap. 445), the Chief Justice points out clearly the distinction which exists between laws designed for the government of the officers taking charge of the polls, and one imposing some duty upon the elector, or requiring him to comply with some requirement of the law as a condition to the exercise of the right to vote. In the former case, the laws are generally held to be merely directory; while the registry act is imperative in its character.

Again, it is claimed that the case of *Blackman v. The Town of Dunkirk,* 19 Wis., 183, has a controlling weight upon the point we are considering. It appears to us, however, that that decision has no application here. One question there was, whether an auditing board was authorized to act in auditing accounts against a town, unless composed of the three officers named in section 79, chap. 15, R. S. We held that it was not. The statute expressly requires that the auditing board shall be composed of the three officers therein prescribed, for the safety of the town, and because an audited account creates or fixes a liability against the property of the citizens. The law might well require the action of three persons upon a matter of that kind. But a board of inspectors, under our election laws, have mainly ministerial duties to perform. When the elector complies with the statute prescribing the time, place, and manner of his exercising the elective franchise, he is entitled to vote. The case of Blackman is quite distinguishable in principle from the one before us.

*By the Court.*—The demurrer to the answer is sustained.