## JAQUISH VS. THE TOWN OF ITHACA.

TOWNS: BRIDGES. (1–3) *When town liable for injury caused by bridge out of repair: Notice of defect.* (4) *What demands against town must be presented to town board.*

VERDICT: DAMAGES. (5) *Damages awarded for personal injuries in this case, not excessive.*

PRACTICE: WAIVER. *Objection that demand sued upon, against town, has not been presented to town board.* (6) *How waived.* (7) *How taken.*

REVERSAL OF JUDGMENT. (8, 9) *For admission of improper rebutting evidence.*

1. A town is not liable for injuries caused by a bridge being out of repair, if it became so suddenly and unexpectedly by reason of a freshet in the stream over which it was built, and sufficient time had not elapsed before the accident to enable the town authorities either to repair the bridge or guard travelers against the danger. 24 Wis., 342.

2. Notice to the chairman of the town board of supervisors (or, it seems, to any member of that board) of a defect in the bridge in such town, is notice to the town; and if thereafter no proper precautions are taken in due time to guard against accidents by reason of such defect, the town is chargeable with negligence.

3. There being evidence tending to prove that the town authorities had notice of the defect in the bridge here in question, before plaintiff attempted to pass over it, and there being also conflicting evidence as to contributory negligence on plaintiff's part, and the court having submitted that question of fact to the jury, after giving the instructions desired by the defendant, this court cannot disturb the verdict, which was for the plaintiff.

4. The testimony tends to show that, besides losing two horses, plaintiff had his health seriously and permanently impaired by his exertions in trying to rescue the horses, and his exposure and agitation, all caused directly by the defect in the bridge, epilepsy having been developed within a few days after the accident, from which disease he will probably never recover. The jury awarded him $700 damages. *Held,* not excessive.

5. A demand arising *ex delicto* is not in any correct sense an "account"; and *it seems* that such a demand against a town is not within the jurisdiction of the town board, nor within the meaning of sec. 79, ch. 15, R. S., and that it is no objection to an action on such a demand, that it has never been presented to the town board. But it was not necessary to decide this question in the present case.

6. The objection that a demand sued upon against a town has never been

Jaquish vs. The Town of Ithaca.

presented to the town board to be audited, is one which only goes in *abatement* of the action, and if not taken in the trial court, either by answer or by motion for nonsuit, or in some other appropriate manner at the trial, it is *waived*.

7. Whether such objection *must* be taken *by answer*, is not here decided.

8. To rebut some slight testimony tending to show that he was intoxicated before he crossed the bridge, plaintiff called a witness who testified, without objection, that he did not know that plaintiff was in the habit of using intoxicating liquors. Another witness for plaintiff was then asked what were his (plaintiff's) habits as to the use of intoxicating liquor. Objection being taken, the court stated that plaintiff's general habits were not in issue, but the testimony would be allowed " so far as it bore on the question of his being under the influence of liquor at the time of the accident." Defendant excepted; and the witness answered that he had no knowledge of plaintiff " other than as a man of perfectly temperate habits." No objection was made that the answer was not responsive to the question as limited by the court, and no motion was made to strike it out. *Held*, that there was no error for which the judgment should be reversed.

9. LYON, J., is of opinion that the testimony for defendant as to plaintiff's being intoxicated was of so slight a character that if the court had rejected the rebutting evidence entirely, and instructed the jury that the alleged intoxication was not proved, the verdict should not have been disturbed on that account; and if so, then the admission of such rebutting evidence, even if improper, is no ground of reversal.

APPEAL from the Circuit Court for *Vernon* County.

Action to recover damages for injuries to his person and property suffered by the plaintiff by reason of a defective bridge, parcel of a highway in the defendant town.

It appears that during the afternoon of March 8, 1871, the plaintiff attempted to drive a team of horses across such bridge; but the horses broke through, or ran off, the bridge into the water, and one of them was drowned, and the other so injured that he died soon after being rescued. The stream was usually very small, but at the time of the accident was so much swollen by rain and melting snow that the water ran over the bridge. The testimony tends to prove that in consequence of his exposure and exertion in endeavoring to rescue his horses, the health of the plaintiff is seriously and permanently im-

paired. This testimony will be found stated, so far as necessary, in the opinion. The court gave all the instructions asked by the defendant; and no exceptions were taken to any instructions given. The jury found for the plaintiff, and assessed his damages at $700. Defendant moved for a new trial on the grounds, first, that the verdict was contrary to the law and evidence in the case; second, that it was contrary to the instructions of the court; third, that the court erred in refusing the instructions asked for by the defendant; and "for other reasons apparent on the record." The motion was denied, and judgment was entered for the plaintiff pursuant to the verdict. The defendant appealed.

*Cothren & Lanyon*, with *Eastland & Eastland*, for appellant:

1. When a party seeks to recover damages of another for an injury caused by the carelessness or negligence of the agents or servants of the other, he must himself be entirely free from contributory negligence. *Spencer v. M. & P. du C. R. R. Co.*, 17 Wis., 487; *O'Malley v. Dorn*, 7 id., 236; *Chamberlain v. Mil. & Miss. R. R. Co.*, 7 id., 425; *Same Case*, 11 id., 238; *Davis v. Ch. & N. W. R'y Co.*, 18 id., 175; *Hassa v. Junger*, 15 id., 598; *Dressler v. Davis*, 7 id., 527; *Stucke v. Mil. & Miss. R. R. Co.*, 9 id., 202; *Mil. & Ch. R. R. Co. v. Hunter*, 11 id., 160; *Nicks v. Town of Marshall*, 24 id., 139. Plaintiff knew the condition of the bridge, and acted carelessly and negligently in attempting to cross; and therefore he cannot recover. 21 Wis., 256; 22 id., 245; 7 id., 425 and 527; 21 id., 372. 2. When a highway has *suddenly* become deficient or out of repair through some action of the elements, the town is not liable for resulting injuries, without notice and time to repair the defect. *Ward v. Town of Jefferson*, 24 Wis., 342. 3. The damages, except as to about $125. were merely speculative. 4. The habits of the plaintiff as to intoxication were not in issue, and the testimony on that subject was improperly admitted. 5. The claim was never presented to the town board to be audited. 19 Wis., 183.

*G. C. Hazelton* and *O. B. Thomas*, for respondent, argued that all the questions of fact were fairly submitted to the jury upon instructions which are not excepted to, and their verdict ought not to be disturbed. The question of negligence was one of fact for the jury. *Spencer v. M. & P. du C. R. R. Co.*, 17 Wis., 487; *Burns v. Town of Elba*, 32 id., 606; *Hull v. Augustine*, 23 id., 383.

LYON, J. The questions to be here determined are those only which are presented by the motion for a new trial, and these will be stated and considered in their order.

1. The learned counsel for the defendant earnestly contended in their argument, that it is fully established by the evidence in the case that the town cannnot be held liable for the accident to the plaintiff, even though the latter was free from negligence. It is not denied that the bridge was out of repair when the accident happened; but it is claimed that it suddenly and unexpectedly became so but recently before that time, by reason of a freshet in the stream, and that sufficient time had not elapsed thereafter, and before the accident, for the town authorities to repair it or to guard travelers against the danger. If such are the facts, the town may well claim entire immunity from liability, under the decisions of this court in *Ward v. Jefferson*, 24 Wis., 342, and in other cases.

But there is testimony tending to prove that the town authorities had notice of the defect in the bridge before the plaintiff attempted to pass over it, and took no sufficient measures to notify travelers that the bridge was in a dangerous condition. Indeed, it is undisputed that the chairman of the board of supervisors of the defendant town passed over the bridge on the same afternoon, and before the accident to the plaintiff, and saw that one end of some of the planks was loosened from the stringers. Notice of the defect to that officer, who is one of a board charged by law with the care and superintendence of the highways and bridges in the town, is notice to the town; and

if thereafter no proper precautions were taken in due time to guard against accidents by reason of such defect, the town is chargeable with negligence. The testimony tended to show such negligence of the town ; and the court submitted it to the jury to find whether the town had been negligent in that behalf. The case was tried on the part of the defendant on the theory that this question of negligence was for the jury to determine, and the court gave the instructions upon that subject which were asked for on its behalf. The jury found against the defendant on this question, and we cannot disturb the verdict.

2. The foregoing observations will apply to some extent to the next proposition argued by counsel for the defendant, which is, that the plaintiff was guilty of negligence which contributed directly to the injury. While it must be admitted that there is considerable testimony tending to show that the plaintiff was negligent, still there is other testimony tending to prove that he exercised reasonable care to avoid the injury. This testimony need not be stated in detail. There being a conflict therein, the question of fact to which it was directed, was properly submitted to the jury. On this question, also, the court gave the instructions asked for on behalf of the defendant, and the determination thereof by the jury is equally beyond our control.

3. The next reason urged why a new trial should be granted is, that the damages are excessive.

The testimony tends very strongly to show that the exertions of the plaintiff in rescuing his team, his exposure to the elements and his agitation, all the direct result of the defect in the bridge, produced epilepsy, which disease was developed soon after the accident, and from which the plaintiff still suffers. The probability is that he will never recover. He describes himself as a wreck both in body and mind, and the testimony of the physicians is that the disease usually terminates in paralysis and mental imbecility or total idiocy. It is probable that about $500 of the damages were awarded for personal in-

juries. If the jury found (as we must presume they did find) that the epilepsy with which the plaintiff has been, and still is, afflicted, was and is the result of the accident, the damages awarded are very moderate. Indeed, it would seem that the plaintiff, and not the defendant, is the party who may justly complain of the award.

4. A single ruling made by the court below on an objection to a question put to a witness, is alleged to be erroneous; and it is claimed that such error is sufficient cause for a new trial.

Some slight testimony was introduced on behalf of the defendant tending to show that the plaintiff was intoxicated when he attempted to pass over the bridge. To rebut this testimony the plaintiff called one Stofer as a witness, who testified, without objection, that he did not know that the plaintiff was in the habit of using intoxicating liquors. The plaintiff then called one De Lap, and put to him this question, which was objected to: "What are his [the plaintiff's] habits as to the use of intoxicating liquors?" The court said: "His general habits are not in issue, but the testimony will be allowed so far as it bears upon the question of his being under the influence of liquor at the time of the accident." To this ruling the defendant excepted, and the witness answered: "I have no knowledge of *Jaquish* other than a man of perfectly temperate habits." No objection was made that the answer was not responsive to the question as limited by the court, and no motion to strike it out was interposed.

We find no error in the ruling. The learned judge limited the question to the very point in issue, to wit, the alleged intoxication of the plaintiff at the time of the accident. If the answer was not responsive to the question thus restricted, a motion should have been made to strike it out. And if the ruling was technically erroneous, it does not seem of sufficient importance to work a reversal of the judgment, especially when it is considered that testimony of the same character was received from another witness without objection, and that the

testimony relates to a collateral matter, not seriously litigated on the trial.    Indeed the testimony which tended to prove the intoxication of the plaintiff amounted to but little more than a bare suspicion of the fact, founded upon very unsatisfactory reasons; and had the court rejected entirely the testimony of De Lap, and instructed the jury that the alleged intoxication of the plaintiff was not proved, it is very doubtful whether the verdict should be disturbed because of such instruction.    My opinion is that it should not.    If this view is correct, it follows, of course, that the judgment should not be reversed even though such testimony was improperly admitted.

5. It is argued by one of the counsel for the defendant, that the plaintiff's claim for damages was never presented to the town board to be audited, and hence, that the action was commenced prematurely.    It does not appear whether the claim was or was not so presented.    The record is entirely silent on the subject.    It is not probable that the statute (R. S., ch. 15, sec. 79) contemplates, or was intended to include, claims or demands arising *ex delicto*.    The town board is constituted " for the purpose of auditing all *accounts* payable by the town."    A demand arising *ex delicto* is not, in any correct sense, an *account*. Such a demand does not seem to be within the jurisdiction of the town board.    The position of the counsel is not sustained by the case of *Blackman v. Dunkirk*, 19 Wis., 183, upon which he relies.    That was an action to recover a bounty voted by the town to volunteers credited to its quota, and was therefore a demand arising *ex contractu*.

But, without deciding whether the claim should have been presented for audit to the town board before an action upon it can be maintained, it is sufficient for the purposes of the case to say, that this objection, which is made for the first time in this court, comes too late to be available to the defendant. Conceding the objection, if taken at the proper time, to be a valid one, it only goes in abatement of the action, and should have been made on the trial, either by a motion for a nonsuit

or in some other appropriate manner. Had it been so made, it may be that the plaintiff could have proved due presentation of the claim to the board, and thus have answered and overcome the objection. See *Brown v. Cayuga & S. R'y Co.*, 12 N. Y. (2 Kern.), 490. Indeed, it may well be argued that this matter in abatement should have been pleaded. On this subject Mr. Gould, in his treatise on pleadings, says: " Matters of mere abatement, if *not pleaded* in abatement, cannot be assigned for error. For, if not thus pleaded, it is *waived*, as it would be unreasonable that a suit should be defeated, in its latter stages, by an exception which might have been taken *in limine*." Ch. 5, sec. 153.

Failing to take the objection, either by answer or on the trial, but pleading in bar and litigating the action on the merits, it must be held that the defendant has waived such objection. We must not be understood as holding that the defendant should have answered the nonpresentation of the plaintiff's claim to the board for allowance. We only hold, that he should either have so answered or have taken on the trial that objection to the plaintiff's right to recover.

Upon the whole case, we think that the motion for a new trial was properly denied, and that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.