IN RE SALTER and another.

*January 13—April 17, 1906.*

*Incorporation of villages: Appeal and error: Appealable orders:* Certiorari: *When writ does not lie.*

1. An order incorporating a village under secs. 854–866, Stats. 1898, is a final order made in a special proceeding, and hence appealable.
2. An appeal from an order incorporating a village under secs. 854–866, Stats. 1898, is an adequate remedy, and hence *certiorari* will not lie to review such an order.

CERTIORARI to review proceedings of the circuit court for Marathon county: GEO. W. BURNELL, Judge. *Writ quashed.*

*R. J. MacBride* and *Geo. L. Jaques,* for the relator.

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *Neal Brown.*

The following opinion was filed January 30, 1906:

KERWIN, J.  This is a *certiorari* proceeding issued out of this court to review the proceedings of the circuit court for Marathon county in a special proceeding for the incorporation of a village under secs. 854–866, Stats. 1898.  The relators appeared upon the hearing in the circuit court and made several objections, claiming that the court had no jurisdiction. These objections were overruled, and after hearing the court made an order incorporating the village of Unity.  The order is a final order made by the court in a special proceeding, and hence was appealable.  An appeal from such an order is an adequate remedy, and where such remedy exists *certiorari* will not lie.  *State ex rel. C. & N. W. R. Co. v. Oshkosh, A. & B. W. R. Co.* 100 Wis. 538, 77 N. W. 193, and cases cited.

*By the Court.*—The writ of *certiorari* is quashed.

A motion for a rehearing was denied April 17, 1906.