SALTER, Respondent, vs. COOK and others, Appellants.

*February 1—February 19, 1907.*

*Courts: Jurisdiction: Setting aside one another's orders: Incorporation of villages.*

An order incorporating a village, made by one circuit court under secs. 854–866, Stats. (1898), cannot be declared void or proceedings thereunder restrained in an action brought in another circuit court. The remedy, if any, is to be sought in the court in which the proceedings were instituted or upon appeal.

APPEAL from an order of the circuit court for Clark county: E. RAY STEVENS, Judge. *Dismissed.*

It appears from the record and is undisputed that, pursuant to the requisite application made to the circuit court for Marathon county in 1904 for the incorporation of the village of Unity, comprising the territory therein described, the same being partly in the county of Marathon and partly in the county of Clark, proceedings were had therein, and, after hearing the matter, the circuit court for Marathon county, on March 14, 1905, found as matters of fact that such territory contained a population of more than 400 inhabitants who were residents in good faith therein, and that said territory had an area of one square mile, and that no territory was improperly included in said village. As conclusions of law that court de-

termined and concluded that the proceedings for such incorporation were legal and valid, and that the court had jurisdiction to make the order for such incorporation, and that an order should be made declaring such territory so described to be an incorporated village by the name of the village of Unity if the electors therein should assent thereto in the manner provided in said order and as required by law, and therefore the court thereby directed such order to be made. Thereupon and on May 20, 1905, the circuit court for Marathon county, upon proceedings in the matter and due notice, ordered that the territory therein described be and the same was thereby incorporated as a village to be known as the village of Unity, if the electors therein assented thereto; that the lands therein constituted 640 acres and not less than one square mile in area; and that *L. H. Cook, J. A. Pettet,* and *J. H. Clark,* three residents and electors within said territory (and defendants herein), should perform the duties of inspectors of election to determine whether the electors therein assented to such incorporation, and that such inspectors should give notice of the time and place of holding such election.

Immediately after the making and entry of said order in the circuit court for Marathon county the plaintiff herein applied to this court and obtained a writ of *certiorari.* Upon the return to said writ and after hearing arguments of counsel this court on April 17, 1906, held that: "An order incorporating a village under secs. 854–866, Stats. (1898), is a final order made in a special proceeding, and hence appealable. An appeal from an order incorporating a village under" said sections "is an adequate remedy, and hence *certiorari* will not lie to review such an order." *In re Salter,* 127 Wis. 677, 106 N. W. 684.

On May 25, 1906, the plaintiff commenced this action in the circuit court for Clark county against the said *L. H. Cook, J. A. Pettet, J. H. Clark,* and others to have the order of the circuit court for Marathon county dated May 20, 1905, and

all subsequent proceedings thereunder declared utterly void and of no binding effect, and to perpetually enjoin the defendants from proceeding thereunder or attempting to hold such election which was noticed to be held May 26, 1906, and for a temporary injunction and costs. To the complaint alleging such facts the defendants demurred on several grounds; among others that it appeared on the face of the complaint that the circuit court for Clark county had no jurisdiction of the subject matter of the action, that another action was pending between the same parties for the same cause, and that the complaint did not state facts sufficient to constitute a cause of action. From an order overruling such demurrer the defendants appeal.

The cause was submitted for the appellants on the brief of *Brown, Pradt & Genrich,* attorneys, and *Kreutzer, Bird & Rosenberry,* of counsel, and for the respondent on that of *R. J. MacBride* and *Geo. L. Jacques.*

CASSODAY, C. J.   Since the territory proposed to be incorporated into the village of Unity was partly in the county of Marathon and partly in the county of Clark, the statute authorized the circuit court of either of those counties to take jurisdiction and, upon proper proceedings, to order such incorporation.   Sec. 857, Stats. (1898).   As indicated in the foregoing statement, such proceedings were instituted in the circuit court for Marathon county and continued in that court until after the appointment of inspectors of election May 20, 1905, and until after the decision of this court quashing the writ of *certiorari,* April 17, 1906.   *In re Salter,* 127 Wis. 677, 106 N. W. 684.

The first question here presented is whether it was competent thereafter for the circuit court for Clark county, in a separate action commenced May 25, 1906, to declare the order of the circuit court for Marathon county so made May 20, 1905, and all subsequent proceedings thereunder, utterly void

and of no binding effect, and to perpetually enjoin the defendants from proceeding thereunder or attempting to hold such election. By a long line of decisions, commencing in 15th Wisconsin and ending only a few weeks ago, it has been repeatedly held, in effect, that a judgment or order of one circuit court will not be set aside nor restrained by another circuit court of co-ordinate jurisdiction upon a suit subsequently commenced therein. *Parish v. Marvin,* 15 Wis. 247; *Platto v. Deuster,* 22 Wis. 482; *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388; *Coon v. Seymour,* 71 Wis. 340, 37 N. W. 243; *Cardinal v. Eau Claire L. Co.* 75 Wis. 404, 44 N. W. 761; *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891; *Jackson M. Co. v. Scott,* 130 Wis. 267, 110 N. W. 184, 186; *Pleshek v. McDonell,* 130 Wis. 445, 110 N. W. 269. The remedy, if any, is to be sought in the original action. In the case of proceedings for the incorporation of villages the statute expressly provides that "any question of the validity of such incorporation and proceedings therefor may be tested by *certiorari* or by any other proper action or proceedings brought directly for the purpose of vacating or setting aside the same" within the time prescribed. Ch. 39, Laws of 1901. Of course, such remedy is to be sought in the court where the proceedings were instituted or upon appeal. It is unnecessary to consider any other question in the case.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to dismiss the complaint.