APPLICATION OF CLARK AND OTHERS FOR THE INCORPORA-
TION OF THE VILLAGE OF UNITY: BALLE, Appellant.

*January 28—May 8, 1908.*

*Dismissing appeal: Judgment: Validity: Effect of want of jurisdic-
tion: Municipal corporations: Incorporation: Time for election:
Directory provisions of statute: Courts: Co-ordinate jurisdic-
tion: Injunction against compliance with order of other court:
Failure to exercise corporate powers: Proceedings to vacate in-
corporation: Limitation of action.*

1. Where respondent moved to dismiss an appeal from an order
   incorporating a village because the appeal was not perfected
   within the required time from the service of such order, and
   the evidence was conflicting as to whether the order was ever
   served, *held*, that proof of service should be free from doubt,
   and, in the absence of clear proof, the motion should be denied.

2. There is a distinction between want of jurisdiction as applied
   to cases wherein the court assumes to act as to a particular
   subject matter outside its constitutional power to adjudicate,
   and those cases within its power but wherein it is prohibited
   from exercising jurisdiction by established principles of reme-
   dial procedure. In cases of the former class the judgments
   are void for want of power; in cases of the latter class the
   judgments are erroneous, but are binding on parties to the liti-
   gation until reversed on review by some superior court or
   otherwise set aside.

3. An order for the incorporation of a village situated partly in two
   counties was made, pursuant to sec. 861, Stats. (1898), by the
   circuit court for one of the counties. In a *quo warranto* action
   in the circuit court for the other county the attempted incor-
   poration was adjudged void. A second order of incorporation
   was made by the court that made the first order. On a petition
   to vacate this second order, on the ground that it was invalid
   because the village was already incorporated under the previ-
   ous order and the judgment of the court in the *quo warranto*
   action to the contrary was void because that court had no ju-
   risdiction in a *quo warranto* action to set aside or restrain the
   order made in a court of co-ordinate power, *held*, that the judg-
   ment in the *quo warranto* action was not void because beyond
   the scope of the court's jurisdiction, but erroneous because pro-
   hibited by well established principles of remedial law, and, until
   reversed or otherwise vacated, it was binding on the petitioner
   in this action, and precluded his challenging the second order
   of incorporation.

4. Where a statute prescribes a thing to be done within a specified time, and there is no substantial reason why the thing may not as well be done after the time prescribed as before—no presumption that by allowing it to be so done it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not to be done at all, there the courts assume that the intent was that, if not done within the time prescribed, it might be done afterwards.

5. Sec. 862, Stats. (1898), providing that an election shall be held within sixty days of the date of an order of the circuit court incorporating a village, is directory merely, and therefore an election held a year after the date of an order was valid, it appearing that the delay was due to *certiorari* proceedings begun to test the validity of the incorporation, which operated to stay matters pending a decision by this court.

6. Where a circuit court for one county ordered, pursuant to sec. 861, Stats. (1898), the incorporation into a village of territory lying in two counties, and the circuit court of the other county enjoined the carrying out of such order, *held*, that the action of the officers appointed by the first court in proceeding with the incorporation, and the action of the village officers exercising the municipal functions, while technically a violation of the injunction, was lawful and in good faith in compliance with the statutory mandate and an order imposed by a court of co-ordinate jurisdiction, and the attempted interference by the other court was without legal warrant and ineffective to impart the quality of wrongfulness to such action.

7. Where remonstrants to the incorporation of a village resorted to various legal remedies to prevent the officers of such village from carrying out the incorporation and exercising the corporate functions, and had them enjoined without good cause from acting, *held* that, although the officers and village failed to exercise all the powers conferred by the statute, they did assume to act in good faith under the incorporation and to exercise their statutory powers, any failure in respect thereto being attributable to the action of remonstrants.

8. Sec. 853b, Stats. (Supp. 1906; Laws of 1901, ch. 39), providing that any action questioning the validity of village incorporation, whether tested by *certiorari* or other action or proceeding, must be brought within three months after such incorporation but not thereafter, applies to a proceeding by petition for the vacation of an order incorporating a village, and such proceeding not having been brought within the required time, should be dismissed.

APPEAL from an order of the circuit court for Marathon county: GEORGE W. BURNELL, Judge; also, from an order of the same court: W. C. SILVERTHORN, Circuit Judge. *Both orders affirmed.*

The petitioner, *Christian Balle,* seeks to have the proceedings of the Marathon county circuit court for the incorporation of the village of Unity set aside and vacated upon the ground that such proceedings are illegal and void. Petitioner alleges that he is a resident and taxpayer of the territory sought to be incorporated. He asks relief against an order of May 20, 1905, whereby the Marathon county circuit court ordered an incorporation of the village of Unity, subject to be ratified by the electors of this territory at an election directed to be held pursuant to such order and the statutes. The facts of this proceeding for incorporation of this village in the Marathon county circuit court and likewise the facts of a *certiorari* action are set forth in the equity suit of *Salter v. Cook,* an appeal to this court from the Clark county circuit court, reported in 131 Wis. 20, 110 N. W. 823. The facts there stated need not be repeated here. In addition to the facts therein stated the petitioner alleges that the circuit court for Marathon county on June 4, 1903, on petition of Clark and others, ordered the village of Unity to be incorporated, that the territory embraced therein lies partly in Clark and partly in Marathon county, that the electors ratified such order of incorporation, and that the village therefore in June, 1903, entered upon the discharge of village franchises and functions; that the Clark county circuit court in an action of *quo warranto* on March 21, 1904, entered judgment declaring the incorporation proceedings void and ineffectual for want of jurisdiction; and that part of the territory involved in the incorporation is also included in the proceeding now attempted to be vacated. It appears that a temporary injunctional order was issued in the Salter equity suit on May 25, 1906, and served on the inspectors named in the order of incorporation of May 20,

1905, restraining them from holding the election noticed by them to be held on May 26, 1906, for determining the question of incorporation under the order of May 20, 1905. This order was in force on election day, May 26, 1906. The inspectors held the election noticed by them for May 26th, canvassed the votes cast, prepared a statement thereof, and caused the same to be recorded in the registers of deeds' offices in Marathon and Clark counties. It is alleged that these inspectors immediately thereafter, as provided by the statutes, noticed an election for the election of village officers; that before the day set by them in the notice the court by another injunctional order in such equity action restrained them from holding this election to elect village officers; that such inspectors, however, proceeded and held such election, canvassed the votes cast for village officers, and declared certain persons so voted for by the electors to be the duly elected village officers. It is further averred that the alleged village officers at no time thereafter exercised the functions of village officers, and that the Clark county circuit court, after the election of village officers, cited the persons appointed as inspectors in the order of incorporation of May 20, 1905, before the court and proceeded against them for violation of its injunctional orders, adjudged them guilty of contempt of court, and punished them by the imposition of a fine and costs, and that upon the hearing of this contempt proceeding the court made another order in open court enjoining the alleged village officers so elected from doing any acts as such officers and from exercising any of the functions of the village; and it is averred that such officers then assented to abide by such order. Other irregularities and defects alleged as appearing upon the face of the proceeding need not be specifically stated here, not being essential to the decision on this appeal. The circuit court for Marathon county, after hearing the petitioner and the parties in opposition thereto, entered an order denying petitioner's application for

relief on May 17, 1907. The petitioner has appealed from such order and from the order of the court dated May 20, 1905, incorporating the village of Unity. The respondents, upon affidavits and an order to show cause made returnable before this court, moved to dismiss this appeal upon the ground that the order of incorporation of May 20, 1905, was duly served on remonstrants' attorneys and service thereof was admitted by them in the month of June, 1905; that the time within which to appeal therefrom had expired before the appeal of this appellant was in fact taken. Remonstrants' attorneys deny the service of a copy of such order upon them, and deny that service thereof was ever made or admitted as alleged in the affidavits and the order.

*R. J. MacBride* and *Geo. L. Jacques,* for the appellant.

For the respondents there was a brief by *Brown, Pradt & Genrich,* attorneys, and *Kreutzer, Bird & Rosenberry,* of counsel, and oral argument by *M. B. Rosenberry* and *Neal Brown.*

The following opinion was filed March 10, 1908:

SIEBECKER, J. Respondents' motion to dismiss the appeal because the appeal was not perfected within the time prescribed for appealing from orders raises an issue of fact upon the affidavits of the attorneys for the respective parties and presents a sharp conflict of evidence on the question. The fact of service of a copy of the order of incorporation on remonstrants' attorneys is directly affirmed on the one side and as positively denied on the other. The relief asked by the motion to dismiss the appeal would in effect be determinative of the question of appellant's right to a review before this court. In view of such a result the proof of service of a copy of this order should be free from any doubt. It cannot be said that the proof shows the fact of service so clearly as to call for dismissal of the appeal.

Appellant, upon the merit of his petition, assails the in-

corporation of the village upon many grounds, all of which need not be considered in determining his legal rights under the allegations of his petition. He avers that he, as an interested party in the incorporation proceeding, can thus attack it to determine its validity for the purpose of vacating or setting aside the incorporation. He alleges that the attempted incorporation proceeding, culminating in an election under the order of incorporation of May 20, 1905, is wholly void because the village of Unity had been incorporated in a proceeding for that purpose in the Marathon county circuit court by an order made June 4, 1903, and a subsequent election under it at which the electors declared in favor of incorporation. It is conceded that by a judgment on September 11, 1903, the circuit court for Clark county, in a *quo warranto* action instituted on the relation of residents of the territory embraced in this village, declared this proceeding void. The question whether or not a proceeding to incorporate a village, instituted in a circuit court, can be attacked as invalid by a *quo warranto* action in a court of co-ordinate jurisdiction, we need not, nor do we, decide. But assuming, as appellant contends, that the court in such *quo warranto* action is restricted in its jurisdiction as in other actions respecting proceedings in a court of co-ordinate jurisdiction, still we are of opinion that his contention cannot prevail upon the record before us. The argument is made that the Clark county circuit court in such *quo warranto* action was wholly without jurisdiction and therefore its judgment was ineffectual and did not vacate and set aside the incorporation proceedings as adjudged on the record. This claim is made upon the broad assumption that the Clark county circuit court had no jurisdiction of the subject matter of litigation and hence its action was without power, and therefore its decree was ineffectual in the matter. This contention omits to distinguish between want of jurisdiction as applied and used in cases wherein the court assumes jurisdic-

tion as to a particular subject matter outside the scope of its constitutional power to adjudicate and those cases within the scope of its constitutional power to adjudicate, but wherein it is prohibited from exercising jurisdiction by established principles of remedial procedure. In cases of the former class the judgments are void for want of power. In cases of the latter class the judgments are erroneous, but are binding on parties to the litigation until reversed on review by some superior court or otherwise set aside. Both classes of cases are classed as instances wherein courts act without jurisdiction, but the effects of their judgments in the two classes of cases are widely different. Full elaboration of this subject is contained in recent cases in this court. See *Harrigan v. Gilchrist,* 121 Wis. 127, 227 *et seq.,* 99 N. W. 909; *Jackson M. Co. v. Scott,* 130 Wis. 267, 110 N. W. 184.

Our attention is called to the decision in the equity case of *Salter v. Cook,* 131 Wis. 20, 110 N. W. 823, pertaining to the proceedings for the incorporation of this village, and the cases therein referred to, for support of the claim that the court had no power to adjudicate the questions raised in the *quo warranto* action. The decision in *Salter v. Cook* is based on the ground "that a judgment or order of one circuit court will not be set aside nor restrained by another circuit court of co-ordinate jurisdiction." The decision of the case proceeds upon the theory underlying the ruling of the cases wherein courts are said to be without jurisdiction because they are prohibited from exercising such power by well established principles of remedial law. An application of this principle to the claim of petitioner respecting the judgment in the *quo warranto* action must result against his contention. It is clear that the subject matter of this action was of such a nature as to be within the power of the Clark county circuit court to adjudicate, but that it is prohibited from exercising jurisdiction for the purpose of setting aside or restraining proceedings in a court of co-ordinate jurisdic-

tion.   Under these circumstances it follows that petitioner's
assault upon the judgment in *quo warranto,* as one wholly
void for want of power in the court, is not sustained.   The
judgment remaining unreversed or otherwise vacated is, in
this view of the case, binding on him as one of the interested
parties to the proceeding.   This disposes of petitioner's
claim as to this question.

It is averred that the village was not incorporated under
the order of May 20, 1905, because there was no election
held within sixty days of such order, as required by sec. 862,
Stats. (1898), "for the purpose of determining whether or
not such territory shall be an incorporated village."   It is
evident from the record that such election was postponed on
account of the *certiorari* action, which operated to stay pro-
ceedings in the matter until decided by this court on Janu-
ary 30, 1906.   An election was held on May 26, 1906,
which resulted in favor of incorporation, as ordered May 20,
1905.   Sec. 862 provides: "Such inspectors shall, without
unnecessary delay, give notice of a meeting of the electors
of the territory . . . to be held within sixty days of the
date of such order."   The question is: Are the sixty days
an absolute limit within which the election must be held after
the order of incorporation is made, or is it a directory stat-
ute ?   The object to be attained by this provision of the stat-
utes furnishes the grounds for its interpretation.   The sole
purpose of this election is that the electors of the territory
may by ballot register their decision upon the question of in-
corporation.   It is of little moment whether this decision
be so made within sixty days after the making of the order
or at some subsequent time, if it be not so remote that it can
be reasonably said that the matters involved in an election
within the sixty days after the order have not been changed
in a marked and substantial way.   We are of the opinion
that this statute should be held to be directory as to the time
for holding such election.   In its substance and purpose it

is within the doctrine concerning directory statutes declared in *State ex rel. Cothren v. Lean,* 9 Wis. 279, 292:

"That where there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before—no presumption that by allowing it to be so done it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not to be done at all, there the courts assume that the intent was that, if not done within the time prescribed, it might be done afterwards."

As indicated above, there is no substantial reason why the election may not as well be held within a reasonable time after the sixty days have expired as before. It may also be said that if it cannot be so held it is more likely to operate to the injury of the electors than if held thereafter. If not permitted so to be held it would practically place the electors at the will of the inspectors, when they could not be compelled by legal process to call an election, under the discretion given them, until the sixty days had expired. Cases sustaining this construction are *Williams v. Ely,* 13 Wis. 1; *Burlingame v. Burlingame,* 18 Wis. 285; *State ex rel. Bancroft v. Stumpf,* 21 Wis. 579; *Smith v. Waggoner,* 50 Wis. 155, 6 N. W. 568; *Klatt v. Mallon,* 61 Wis. 542, 21 N. W. 532; *Allen v. Allen,* 114 Wis. 615, 621, 91 N. W. 218.

It is urged that the holding of an election for the purpose of determining whether or not the village should be incorporated under the order of May 20, 1905, was in violation of the injunctional order in the Salter equity suit brought in Clark county, and that such election was therefore invalid. True, the holding of the election was a technical violation of this injunctional order. As we have seen, it was unlawful for the Clark county circuit court to interfere with the proceeding to incorporate in the Marathon county circuit court. *Salter v. Cook,* 131 Wis. 20, 110 N. W. 823. To hold that a violation of this injunctional order operated to nullify acts

done pursuant to and in conformity with the order of the Marathon county circuit court would lead to the absurdity of permitting one court to interfere with and restrain proceedings in another court of co-ordinate jurisdiction, and thus accomplish indirectly that which, when properly challenged, it has no jurisdiction to accomplish directly. True, the persons so enjoined may be guilty of offending against the order of the circuit court for Clark county which issued it, but such a result cannot be carried into and render nugatory the proceeding of the Marathon county circuit court. In so far as the circuit court for Clark county attempted to interfere with the proceedings in Marathon county it acted without legal warrant and could not thereby impart the quality of wrongfulness to the inspectors' conduct, which was in compliance with and an attempt to give effect to the order of incorporation and the statutes. The acts and conduct of the inspectors must be viewed in the twofold aspect: on the one hand as technically offending against an injunctional order of the one court, which was acting without a proper exercise of jurisdiction, and on the other as acting lawfully and in good faith in compliance with the statutory mandate and an order imposed by a court of co-ordinate jurisdiction. We can therefore consider the conduct of the inspectors in holding this election only in its bearing on the proceedings in the Marathon county circuit court and determine whether they acted in good faith in carrying out the orders of this court and the mandates of the statutes. Under these circumstances it cannot be said that the inspectors, or the village officers elected pursuant to an election noticed by such inspectors, acted in bad faith in assuming to act under the order and to exercise the powers conferred by ch. 40, Stats. (1898), upon villages.

It is asserted that, if the incorporation be held valid and effectual, then the village and its officers failed in good faith to exercise the powers so conferred by statute. It is true that all of the village functions so conferred were not exer-

·cised, but good and sufficient explanation is offered by the record for such partial nonaction. It appears that the remonstrants to such incorporation availed themselves of every legal weapon to prevent the officers from acting, and had them enjoined, though without good cause, by the circuit court of another county. This undoubtedly deterred the officers from a full performance of their official duties in exercising the functions of a village and furnishes the reason why they probably partially failed in the performance of their official duties. It is sufficiently clear that the officers attempted to assume all of the functions of the village, but were deterred by the wrongful interference of other interested parties. Upon the record now before us, we must hold that this village and its officers assumed in good faith to act under and to exercise the powers conferred on it by statute for a period of three months after its incorporation. Sec. 853$b$, Stats. (Supp. 1906; Laws of 1901, ch. 39), provides that any question of the validity of such incorporation, whether tested by *certiorari* or by any other action or proceeding directly for that purpose, may be brought "at any time within three months after such incorporation, but not thereafter." Petitioner's proceeding is of this nature, and his rights in this respect are governed by this statute. He did not commence his proceeding within the three-months limitation of this section and he is therefore precluded from prosecuting his petition.

Upon these considerations his petition was properly dismissed by the trial court, and its order of dismissal must be affirmed.

*By the Court.*—It is so ordered.

A motion by the appellant for a rehearing was denied May 8, 1908, and the mandate was amended by adding thereto as follows: "The orders appealed from are both affirmed.