WORACHEK, Respondent, vs. STEPHENSON TOWN SCHOOL DISTRICT, Appellant.

*May 2—June 1, 1955.*

For the appellant there was a brief by *Lehner, Lehner & Behling* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Howard N. Lehner.*

For the respondent there was a brief and oral argument by *Norman B. Langill* of Marinette.

CURRIE, J.  Sec. 39.15, Stats. 1951 (presently sec. 40.43, Stats. 1953), provides as follows:

"TEACHERS' CERTIFICATES.  (1)  If any person desires to teach in any of the public schools, or in schools maintained and operated by county homes for dependent children or other county or state institutions or schools in which children are received for care or education, he shall procure a certificate from the state superintendent.

"(2)  It shall be the duty of every person who contracts to teach in any public school to file in the office of the county or city superintendent within ten days after entering into such contract a statement showing the date of expiration and the grade and character of certificate held.  The superintendent shall promptly notify the proper school clerk of the receipt of such statement.  No order or warrant shall be issued by the clerk of the school board or board of education in payment of the salary of any teacher, unless such teacher shall have complied with the provisions of this subsection."

It is the contention of the defendant district that because the plaintiff did not file with the county superintendent of schools a statement to the effect that he held an "unlimited certificate" within ten days after entering into his new contract for the school year of 1951–1952, the provision contained in the last sentence of sec. 39.15 (2), Stats. 1951, bars him from recovering any compensation under such contract.  On the other hand, it is the position of plaintiff that the ten-day filing requirement of the statute is directory and not mandatory, and, inasmuch as the clerk of the district in behalf of plaintiff did file during the summer of 1951 with

the county superintendent of schools a statement as to the type of certificate held by plaintiff, there has been such compliance with the statute as to entitle him to his compensation under his contract.

50 Am. Jur., Statutes, p. 47, sec. 24, states that the following are the proper tests to be applied in determining whether a statutory provision is mandatory or directory:

"There is no well-defined rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intention as disclosed by the terms of the statute, in relation to the scope, history, context, provisions, and subject matter of. the legislation, the spirit or nature of the act, the evil intended to be remedied, and the general object sought to be accomplished."

Of the above-listed tests we find it only necessary to consider two, viz.: (1) The general objective sought to be accomplished; and (2) the history of the statute.

When subs. (1) and (2) of sec. 39.15, Stats. 1951, are construed together it seems clear that the objective of the legislature was to see that only qualified persons were permitted to teach in the schools of the state by requiring, as a condition precedent to so teaching, a certificate from the state superintendent. In order to put teeth into such requirement, sub. (2) of the statute provides that no school clerk can issue any order or warrant in payment of the salary of a teacher whose qualifications have not been filed with the county superintendent and the clerk notified by the latter of such filing. Such statutory objective would be fully achieved by holding the ten-day filing requirement to be directory instead of mandatory. In other words, we can perceive no legislative intent requiring us to construe the time-of-filing provision as mandatory.

Turning now to the history of the statute, we do find a compelling reason why the ten-day filing provision should be construed as directory and not mandatory. Sub. (2) of sec. 39.15, Stats. 1951, in its original form was enacted by ch. 82, Laws of 1921. As so originally enacted, said subsection read as follows:

"It shall be the duty of every person who contracts to teach in any public school or department thereof, to file in the office of the county or city superintendent within ten days after entering into such contract, a certified statement showing the date of expiration, by whom issued, and the grade and character of certificate held, unless such certificate is one which shall have been issued by the superintendent having jurisdiction over such school or department. *If any teacher shall refuse or wilfully neglect to comply with the provisions of this subsection he or she shall forfeit one week's salary, and it shall be the duty of the treasurer of the school board or board of education to withhold such amount and turn it over to the county treasurer for the benefit of the school fund.* No order or warrant shall be issued by the clerk of the school board or board of education in payment of the salary of any teacher, unless such teacher shall have complied with the provisions of this subsection." (Italics supplied.)

While slight changes were made by amendment made therein prior to 1939, they are not of material importance upon the issue before us on this appeal. By sec. 3, ch. 53, Laws of 1939, the legislature did make a further amendment of this statute which we consider to be of the utmost significance. The same consisted of striking from the statute the italicized sentence above quoted which provided a specific penalty of the forfeiture of one week's salary from any teacher who should *"refuse or wilfully neglect"* to comply with the ten-day filing requirement. The last sentence of sub. (2), sec. 39.15, Stats. 1951, is couched in the identical language as originally enacted by the legislature in 1921. If,

prior to the 1939 amendment, this sentence were to be interpreted as providing that no teacher could collect salary who had filed a statement as to the character of the certificate held by him with the county superintendent later than ten days after entering into his teaching contract, the other provision providing for the forfeiture of a week's salary as a penalty for wilful failure to file in time would have been superfluous and meaningless. One of the cardinal rules of statutory construction is that the statute should be construed so as to give effect to every part of it. *State v. Berres* (1955), ante, p. 103, 70 N. W. (2d) 197.

We, therefore, must construe the last sentence of sec. 39.15 (2), Stats. 1951, as it stood prior to the 1939 amendment thereof, as only prohibiting a clerk from paying out salary to a teacher as to whom no statement of qualifications had been filed with the county superintendent, and that the same was not applicable to a situation where the teacher's qualifications had been filed after the lapse of more than ten days after entering into the teaching contract. We cannot believe that the legislature, by its 1939 amendment striking out the provision providing for the penalty of a week's salary for wilful failure to file the qualifications data within the ten-day period, intended thereby to give the last sentence of the statute any different meaning than it had prior to the amendment. We, therefore, construe the effect of such 1939 amendment as clearly indicating a legislative intent that the ten-day filing requirement was directory merely and not mandatory.

A further proper factor to be considered in determining whether a time provision in a statute is mandatory or directory is the consequences which would follow from adopting one or the other construction. For example, 50 Am. Jur., Statutes, p. 49, sec. 26, states:

"In construing a statute as mandatory or directory, the courts may take into consideration the consequences which would result from construing it as directory, and the consequences which would result from construing it as mandatory. For this purpose, the courts apply such general principles of construction as the rule that a statute should be given a construction which permits a reasonable operation, *and a construction of statutes rendering them absurd, should be avoided.*" (Emphasis supplied.)

Many school boards in the state enter into contracts in the spring with persons they intend to employ as teachers for the school year commencing the following September. In filling vacancies on the teaching staff resort is often had to students in their senior year in various state teachers' colleges, county normal schools, colleges, and universities. Such practice was in vogue long before the enactment of sec. 39.15 (2), Stats., in 1921. On the other hand, the state superintendent does not issue certificates entitling such students to teach until they have been graduated from the institutions of higher learning which they have been attending. Therefore, it would be impossible for such college seniors who, prior to graduation, had entered into teaching contracts to teach in public schools during the ensuing school year, to have complied with the ten-day filing requirement of the statute, because the required data to be filed must consist of the nature of the certificate held and its expiration date. We deem that the legislature must have been cognizant of such situation when it enacted sec. 39.15 (2), Stats. 1951, and could not have intended such an absurd consequence as would result if any school board, which had entered into a teaching contract with such a college senior, could thereafter repudiate the contract and refuse to employ the teacher on the ground that the necessary qualifications and data that she or he had filed with the county superintendent had been

filèd too late. A still further absurd consequence, which would follow from holding that the ten-day period should be held mandatory instead of directory, would be that every school clerk who had paid out salary to such a teacher would be guilty of misfeasance of office and be liable to repay to the district the amount of salary so paid out.

This court has repeatedly held that a statute should not be construed so as to work an absurd result even when the language seems clear and unambiguous. *Connell v. Luck* (1953), 264 Wis. 282, 58 N. W. (2d) 633; *Laridaen v. Railway Express Agency, Inc.* (1951), 259 Wis. 178, 47 N. W. (2d) 727; and *Pfingsten v. Pfingsten* (1916), 164 Wis. 308, 159 N. W. 921.

Counsel for the defendant district, in arguing for a construction of the statute that would hold that the requirement of the statute would be mandatory and not directory, emphasize the statute's use of the word *"shall."* While this is a proper factor to be considered, this court in the past has had no difficulty in construing time provisions of statutes as being merely directory and not mandatory, even though the statute employed the word "shall." *State v. Industrial Comm.* (1940), 233 Wis. 461, 289 N. W. 769; *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393; *State ex rel. Johnson v. Nye* (1912), 148 Wis. 659, 135 N. W. 126; and *Application of Clark* (1908), 135 Wis. 437, 115 N. W. 387.

It is, therefore, our considered judgment that the time-of-filing provision of sec. 39.15 (2), Stats. 1951, is directory in nature and not mandatory.

*By the Court.*—Order affirmed.

STEINLE, J. (*dissenting*). I am obliged to respectfully dissent from the decision of the court in this case.

It is a general rule of construction that where a legislative provision is accompanied by a penalty for a failure to ob-

serve it, the provision is mandatory. 50 Am. Jur., Statutes, p. 49, sec. 27. The rule that imperative words may be construed to have only a directory meaning is inapplicable when a consequence or penalty is prescribed for failure to do the act commanded. 82 C. J. S., Statutes, p. 872, sec. 376. The word "shall" is ordinarily imperative, operating to impose a duty which may be enforced. 82 C. J. S., Statutes, p. 877, sec. 380. The provision in sec. 39.15 (2), Stats. 1951, presently sec. 40.43 (2), that a person who contracts to teach in a public school in this state *shall* within ten days after entering into a teaching contract file in the office of the proper superintendent a statement showing the date of expiration and the grade and character of certificate held, is manifestly of an imperative nature. The consequence or penalty for failing to comply with this provision of the statute is the loss of the legal right of a teacher to collect any salary under the contract. The statute specifically provides that no order or warrant *shall* be issued by the clerk of the school board in payment of the teacher's salary unless such teacher has complied with this particular subsection of the statute. Without an order or warrant from the clerk, a teacher is unable to draw salary. A clerk risking the issuance of an order or warrant for the salary of a teacher who failed to comply with the particulars specified in the statute, would clearly be guilty of malfeasance since sec. 348.29 provides that any clerk of a school board who shall wilfully violate any provision of law prohibiting anything from being done by him in his official capacity or employment, shall be punished by imprisonment or fine. It was clearly within the province of the legislature to prescribe such consequences in the event a teacher fails to file the statement as required by the statute. It appears that the decision of the majority nullifies the legislature's action in this regard without valid basis.

The majority opinion directs attention to the language of the statute which existed before the amendment in 1939.

The observation is that the provision which had theretofore existed relative to the forfeiture of a week's salary for refusal or wilful neglect to file, would have been superfluous and meaningless. Perforce can it not be said that the legislature deliberately deleted that provision because it was meaningless or superfluous? It does not appear reasonable that the purpose was merely to change the meaning of the word "shall." Whatever the reason, however, it seems that the statute must be construed in accordance with its present context which is not ambiguous.

In the majority·opinion it is said that college seniors cannot obtain certificates to teach until they have graduated, and when entering into teaching contracts before graduation they are not able to file the statement as required by the statute. The statute, it is said, would produce an absurd result for those so situated. The school board may enter into teaching contracts at any time. Under provision of sec. 39.15 (1), Stats. 1951, now sec. 40.43 (1), no person may teach in the public schools of this state without a certificate from the state superintendent. Any teaching contract entered into with the student before graduation would of necessity be conditioned on the student's ability to graduate and to obtain a certificate. It is no hardship to defer the execution of the teaching contract until the student graduates and obtains a certificate and is able to comply with the legal requirements of sec. 39.15 (2), Stats. 1951. Any absurdity, it seems, would be in the making of the contract before the student graduates. For the benefit of a teacher who possesses a certificate at the time of contract and who fails to comply with the filing requirement of the statute, a new contract may readily be entered into and such teacher may file within the time specified and thereby become entitled to salary.

The unauthorized method adopted by the county superintendent of schools in the case at bar and upon which the plaintiff-respondent relies, was clearly in contravention of

the statute. An unambiguous statutory provision should not be treated as nonexistent or as being ambiguous solely because a county official has considered that a plan devised by him is preferable to that designed by the legislature.

The statute in question is not permissive or directory,— it is mandatory. The plaintiff-respondent's failure to have complied with the statute was fatal to his cause of action. Summary judgment on motion of the defendant-appellant ought to have been granted.

I am authorized to state that Mr. Justice BROWN and Mr. Justice GEHL concur in this dissenting opinion.