WHITCOMB vs. KEATOR.

59 609
100 243

*February 1 — February 19, 1884.*

*Limitation of actions: Nonresident defendant: Temporary presence in state.*

Sec. 28, ch. 138, Tay. Stats., was intended to secure to the creditor the full statutory period for bringing an action, exclusive of the time when process could not be served and a personal judgment obtained, whether the debtor was a resident of the state and temporarily absent when the cause of action accrued, or was a nonresident. A nonresident defendant, therefore, who had been in the state frequently, but temporarily only and less in all than the statutory period, after the cause of action accrued, could not avail himself of the statute of limitations as a defense.

APPEAL from the Circuit Court for *Clark* County.

Two causes of action are stated in the complaint: one for the wrongful cutting and conversion of pine timber in 1870 and 1871; and the other for a similar tort committed at some time between December 1, 1874, and April 1, 1880, the precise time of which the plaintiff cannot state. The answer,

among other things, alleges that the first cause of action did not accrue within six years.

Under a stipulation of the parties, the jury returned a special verdict answering certain questions, including the amount of timber cut, and the court found the other facts. Such findings, so far as they are essential to an understanding of the questions involved, are stated in the opinion. From a judgment in favor of the plaintiff the defendant appealed.

For the appellant the cause was submitted on the brief of *James O'Neill.* He cited: Angell on Lim., secs. 206, 240, 244; *Fowler v. Hunt,* 10 Johns., 464; *Byrne v. Crowninshield,* 1 Pick., 263; *Faw v. Roberdeau's Ex'r,* 3 Cranch, 174; *Hill v. Bellows,* 15 Vt., 727; *Randall v. Wilkins,* 4 Denio, 577; *Graves v. Weeks,* 19 Vt., 178; *Ingraham v. Bowie,* 33 Miss., 17; *Whitton v. Wass,* 109 Mass., 40; *Palmer v. Shaw,* 16 Cal., 93; *Door v. Swartwout,* 1 Blatch., 179; *Didier v. Davison,* 2 Sandf. Ch., 61; *Cole v. Jessup,* 2 Barb., 309; *Hysinger v. Baltzell,* 3 Gill & J., 158; *Ruggles v. Keeler,* 3 Johns., 267; *Swearingen v. Robertson,* 39 Wis., 462; *Sambs v. Stein,* 53 id., 569; *Kistler v. Hereth,* 75 Ind., 177; *Carson v. Hunt,* 2 Am. Rep., 530; *Campbell v. White,* 22 Mich., 178; *White v. Bailey,* 3 Mass., 271; *Little v. Blunt,* 16 Pick., 359.

For the respondent there was a brief by *B. F. French* and *Tyler & Dickinson,* and oral argument by *Mr. Dickinson.*

COLE, C. J. The first cause of action accrued prior to the adoption of the Revision of 1878; therefore the statute of limitations which is applicable to that transaction is sec. 28, ch. 138, 2 Tay. Stats. See sec. 4984, R. S. 1878. By sec. 28 it is enacted: "If, when the cause of action shall accrue against any person, he shall be out of this state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state. But

the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue are residents of this state; and if, after a cause of action shall accrue against any person, he shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." It will be seen that in sec. 4231, R. S. 1878, there is a change in the language of the first branch of this provision where it is made to read that the action may be commenced within the terms limited, etc., "after such person shall return to *or remove to this state.*"

The circuit court found from the evidence, and indeed the facts are admitted, that the plaintiff was a resident of this state before the cause of action accrued, and was such resident when the action was commenced; that the defendant for more than twenty years last past has been a resident of the state of Illinois. And the court further found as a fact — which is admitted — that the defendant had during that time frequently been temporarily in this state on business, but not frequently enough and long enough to amount in the whole to six years. As a conclusion from these facts the learned circuit court held that the statute of limitations had not run upon the cause of action. The correctness of that view is the only question we have to consider.

On the part of the defendant, it is insisted if the debtor resides out of the state when the cause of action accrues, the statute commences running whenever he comes openly and publicly into the state so that the creditor, by the exercise of ordinary diligence, might cause process to be served upon him; and that the statute, having commenced, continues to run, although the debtor immediately leaves the state and remains abroad until the limitation has expired. Decisions may be found made under statutes much like sec. 28, which sustain this position of counsel, but we think the better

reason, as well as the best considered adjudications, are adverse to this view. We are not aware that any case has arisen in this court which called for a construction of the above section, and we therefore feel at liberty to give it that interpretation which will most fully carry out the intention of the legislature in enacting it. If the debtor is out of the state when the cause of action accrues, the limitation does not begin to run until the return of such person into the state. The provision applies as well to a debtor who is a nonresident as to one who is a resident, but absent from the state upon business or pleasure when the action accrues. It may be said that the word "*return*" necessarily implies that the debtor had previously resided in, or had been in, this state. But, in the language of Chief Justice BIGELOW in *Milton v. Babson*, 6 Allen, 322–324, "in the interpretation of statutes a narrow and close verbal criticism can rarely be adopted as a safe mode of ascertaining the real intent and purpose which a particular enactment was designed to accomplish." We have no doubt, therefore, that the word "return" applies as well to persons coming from another state, where they reside, as to persons residing in this state going abroad for a temporary purpose and then returning. *Fowler v. Hunt*, 10 Johns., 465.

In the latter case confessedly the time for commencing an action would not expire until six years after the return of the debtor to the state where service of process could be had upon him. The creditor would have this full period to bring suit and acquire jurisdiction over him. In the case of a nonresident debtor who comes to the state and remains a short period to the knowledge of the creditor it is claimed a different rule applies. It is said the creditor must be diligent and cause process to be served within the few weeks or months allowed to subject his debtor to the jurisdiction of the court. And if the creditor fails to improve that opportunity the statute commences and continues to run, although

the debtor immediately leaves the state and remains abroad until the limitation has expired. It is obvious that this construction of the statute places foreigners or nonresidents in a more favorable position as to the operation of the statute of limitations on causes of action against them than our own citizens; for the effect is that such former persons, "by coming into the state and remaining here for a brief period, could cause the time of the limitations of actions against them to run, which in six years would ripen into a complete bar, although they had been absent from the state during nearly the whole six years, while the latter would be obliged to remain in the state during the full term prescribed for limitations of actions, in order to set up a good bar to existing causes of action. A construction involving a conclusion so unreasonable, and leading to a result which makes the practical operation of the statute so manifestly unequal and unjust, cannot be supported unless required by language too clear to admit of any other interpretation."

These observations of the learned chief justice in *Milton v. Babson* are peculiarly appropriate to the point we are considering, and fully express our views in regard to it. The evident purpose and design of the first clause are to secure to the creditor the statutory period for bringing his action against his debtor, whether such debtor is a resident of the state and temporarily absent when the right of action accrues, or is a nonresident. In either case the manifest intent is to exclude the time when the plaintiff cannot serve process upon him and obtain a personal judgment. This construction is greatly strengthened by the language of the last clause, which provides that "if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." This clearly shows that the intention of the statute is to give the creditor the

right, during the full period of limitation, to commence his suit either when the debtor is personally present in the state but has a residence elsewhere or when he is personally absent and leaves here his residence. The first clause of sec. 28 is a literal copy of the statute of New York,— see Voorhies' Code (ed. 1871), § 100,— and it will be seen that the courts of that state have given it this construction. *Cole v. Jessup*, 10 N. Y., 96; *Bennett v. Cook*, 43 N. Y., 537. True, there is a conflict in the decisions of the different courts in that state, but the above cases in the court of appeals give this authoritative construction of the statute. The Massachusetts provision is a little different in its language, but still the courts of that state follow the New York decisions in the above cases. See *Milton v. Babson, supra; Rockwood v. Whiting*, 118 Mass., 337.

The court below found that while the defendant was frequently, from 1865 to the commencement of this suit, temporarily in this state on business, still the accumulated periods of his presence here, where he was subject to the jurisdiction of our courts, did not amount to six years. He was therefore not entitled to the benefit of the statute of limitations.

The defendant's counsel has referred to many decisions in other states upon similar statutes in support of his contention. We have examined them all, and while some do not agree with the views which we have expressed, yet we feel constrained to disregard them and adopt that construction of our statute which seems most in harmony with both its language and spirit.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.