Rice and others, Appellants, vs. Ashland County, Respondent.

108     189
s114    132

*October 31 — November 16, 1900.*

*Construction of statutes: Action: Dismissal for failure to prosecute: "Commencement:" Claim against county: Appeal from disallowance.*

1. If, viewing a statute from the standpoint of the literal sense of its language, it is unreasonable or absurd, an obscurity of meaning exists calling for judicial construction; and if its real purpose can be discovered by looking to the act as a whole, to the subject matter with which it deals, and to its reason and spirit, and such purpose can reasonably be said to be within the scope of the language used, it must be taken to be a part of the law the same as if it were plainly expressed by the literal sense of such language.
2. Sec. 2811*a*, Stats. 1898 (providing that circuit and superior courts may dismiss "any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after" their commencement), applies only to actions and proceedings pending for five years after jurisdiction thereof has been obtained by the courts named.   It has no application, therefore, to an appeal from the disallowance of a claim by a county board, which, through a mistake of the county clerk, did not reach the circuit court until more than five years thereafter and but a short time before the motion to dismiss was made.

3. The fact that, by force of sec. 4242, Stats. 1898, the presentation of a claim to a county board is to be considered the commencement of an action within the meaning of the statutes of limitations, does not render such an event generally the commencement of an action in a judicial sense.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Appeal from an order dismissing an appeal from a determination of the county board of supervisors of such county disallowing a claim. Such disallowance took place October 29, 1892. The appeal was seasonably taken to the circuit court. The county clerk mislaid the papers in his office and for that reason failed to make a return on the appeal according to law, to the clerk of the circuit court, till December 10, 1899. At the January, 1900, term of such court, defendant, by its attorney, moved for a dismissal of the appeal because plaintiffs had failed to bring their action to trial within five years after the commencement thereof. The motion was based on sec. 2811a, Stats. 1898, upon the theory that the presentation of the claim to the county board was the commencement of the action within the meaning of such section. The motion was granted, and plaintiffs appealed from the order which was accordingly entered.

For the appellants there was a brief by *Tomkins & Merrill* and *Lamoreux & Shea,* and oral argument by *C. A. Lamoreux* and *W. M. Tomkins.*

For the respondent there was a brief by *Sanborn, Gleason & Sleight,* and oral argument by *A. W. Sanborn* and *Richard Sleight.*

MARSHALL, J. This appeal turns on the construction of sec. 2811a, Stats. 1898, which reads as follows: "The circuit courts and the superior courts may dismiss, upon their own or upon the motion of either party and with or without notice, any and all actions or proceedings pending therein in

which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of such action or proceeding." Appellants' counsel contend that the words "pending therein," and the words "commencement of such action or proceeding," should be construed together, the legislative intent being to provide for a dismissal of actions and proceedings after they have been pending in the circuit court or superior court for five years without having been brought to trial. If that be correct, obviously it was improper to dismiss the action at the next term of the court after it was entered as pending therein. Counsel for respondent contend, as indicated in the statement of facts, that the words "commencement of the action or proceeding" refer to the original institution thereof, which in this case was more than seven years prior to the dismissal. If that be correct the decision appealed from is right.

Reference is made, in support of respondent's position, to sec. 4242, Stats. 1898, which provides that the presentation of any claim to a county board for allowance shall be considered the commencement of an action within the meaning of the statutes of limitations. This court, independent of statute, held that such an event was the commencement of an action. *Marsh v. St. Croix Co.* 42 Wis. 355. But neither the statute nor the decision referred to is necessarily controlling. The mere fact that an action, by force of the statute, is deemed commenced for the purposes of the statutes of limitations by the presentation of a claim to a county board for allowance, does not render such an event generally the commencement of an action in a judicial sense. But if, in accordance with *Marsh v. St. Croix Co.*, we say this action was commenced when the claim was presented to the county board, that is not decisive of the question under consideration if the language of sec. 2811a is open to construction, and we think it is.

True, the language of the section seems too plain to call for judicial construction, if we look to that alone. If we were not to go further, the familiar rule would apply, that words which are plain must be taken in their literal sense. There must be some uncertainty of sense, else the natural and ordinary meaning of the words must prevail. When there is no such uncertainty, to resort to judicial construction to extend or restrict the meaning of words and give to a legislative enactment a character other than that which its language plainly indicates, it is said, "would be extremely dangerous, for there would be no law, however definite and precise in its nature, which might not thereby be rendered useless." *Gilbert v. Dutruit,* 91 Wis. 661. But courts are obliged in many cases to go further, otherwise many wise legislative enactments would lead to mischievous results. Uncertainty of sense does not alone spring from uncertainty of expression. It is always presumed, in regard to a statute, that no absurd or unreasonable result was intended by the legislature. Hence if, viewing a statute from the standpoint of the literal sense of its language, it is unreasonable or absurd, an obscurity of meaning exists, calling for judicial construction. *State ex rel. Heiden v. Ryan,* 99 Wis. 123. We must, in that event, look to the act as a whole, to the subject with which it deals, to the reason and spirit of the enactment, and thereby, if possible, discover its real purpose; and if such purpose can reasonably be said to be within the scope of the language used, it must be taken to be a part of the law the same as if it were plainly expressed by the literal sense of the words used. In that way, while courts do not, and cannot properly, bend words out of their reasonable meaning to effect a legislative purpose, they do give to words a liberal or strict interpretation within the bounds of reason, sacrificing literal sense and rejecting every interpretation not in harmony with the evident intent of the lawmakers, rather than that such intent shall fail. *State ex rel. Heiden*

Rice and others vs. Ashland County.

*v. Ryan, supra; Ogden v. Glidden,* 9 Wis. 46; *Blunt v. Walker,* 11 Wis. 334; *Clark v. Janesville,* 10 Wis. 136; *People ex rel. Att'y Gen. v. Utica Ins. Co.* 15 Johns. 379; *Indianapolis & St. L. R. Co. v. Horst,* 93 U. S. 300.

Applying the foregoing, to the law under consideration, obscurity is easily discovered. The words "shall not be. brought to trial" clearly bear a close relation to the words "pending therein." The two expressions, taken together and read in their obvious relation to each other, mean that, upon the contingency mentioned in the section happening, an action pending in a circuit or superior court that shall not have been brought to trial therein may be dismissed by the court on its own motion or the motion of either party, with or without notice. That being the case, if the literal meaning of the words " within five years from and after the commencement of such action or proceeding " be given to them, it is plain to be seen that, if the date of the commencement of an action or proceeding antedate five years the time of the commencement of the pendency thereof in the circuit or superior court, such action or proceeding is subject to dismissal without notice upon its reaching either of such courts. An action may reach a circuit court by appeal from a county court or a justice's court, or a body clothed with *quasi*-judicial functions, like a county board, and the circumstances be such that the court may refuse to take any jurisdiction of the matter whatever other than to dismiss it and render a judgment for costs. It may be more than five years old, as in this case, before it reaches such court. A law permitting such consequences would be highly unreasonable; it would be more than unreasonable,— it would be absurd. Therefore we must say that the legislature had no such purpose in making the law in question, if one that is reasonable can be discovered within the fair meaning of its language.

It seems that a reasonable purpose, sought by the enact-

Rice and others vs. Ashland County.

ment of the law under consideration, is indicated therein. It will be observed that only actions are subject to dismissal in which issue shall have been joined. Three things are essential to the dismissal: the action must be pending in the circuit or superior court, issue must be joined, and the action must have been pending for five years from its commencement. The evident purpose of the act is to deny the use of the courts to parties who allow their action to be pending therein for five years without bringing it to trial. The words "commencement of the action" refer to the court where the action is pending and where it can be brought to trial. That meaning is within the reasonable scope of the language of the act, and when we read the act with the end in view which we say the legislature sought to attain, its language expresses the purpose indicated. The words "pending therein," "shall not be brought to trial," and "within five years from and after the commencement of such action," all point to conditions in the same court. They contemplate an action pending for five years after the jurisdiction thereof shall have been obtained by a circuit or superior court without being brought to trial. That meaning gives a sensible interpretation to all the words of the act and a sensible construction to the act as a whole, and in our judgment is the one which the legislature intended to and did express, though without that freedom from ambiguity which ought to exist in a statute. It follows that the order of the circuit court is erroneous and must be reversed.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.