HORAN, Respondent, vs. CITY OF EAU CLAIRE, Appellant.

*September 29—October 18, 1904.*

*Municipal corporations: Negligence: Defective sidewalk: Personal injuries: Charter provisions: Disallowance of claims: Appeal: Jurisdiction: Complaint: Necessary allegations.*

The charter of the city of Eau Claire prohibits the bringing of actions against the city in the ordinary way, and requires the claimant to file his claim with the city clerk and to appeal from the decision of the common council thereon in case it be necessary to invoke legal remedies. Such charter (sec. 25, subch. VII, ch. 184, Laws of 1889) provides that upon the filing of the return of the city clerk to the circuit court of the proceedings had before the common council and the papers in the case, "such appeal shall be entered, tried and determined in the same manner as cases originally commenced in the circuit court." A complaint in an action against said city, after alleging the incorporation thereof, the defect in a sidewalk, and the injuries received by plaintiff by reason of such defect and the manner in which they were received, alleged in detail the presentation of notice of the injury as required by sec. 1339, Stats. 1898; the due filing of the claim for damages, the nonaction thereon for sixty days by the common council, and the giving of the notice of and bond upon appeal, as required, but failed to allege that the clerk had made his return to the circuit court of the. proceedings, etc. *Held,* that it was not necessary to allege in the complaint the making and filing of the clerk's return in response to the appeal, since the court had jurisdiction for some purposes upon the perfecting of the appeal, although it did not have power or·jurisdiction to try and determine the cause until the return was made and filed.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action for personal injuries received on a defective sidewalk in the defendant city. The complaint, after alleging the incorporation of the defendant city, the defect in the sidewalk, and the injuries received by the plaintiff by reason of such defect and the manner in which they were received, alleged in detail the presentation of notice of the injury, as required by sec. 1339, Stats. 1898; also the due filing of her claim for damages under the provisions of the city charter of the defendant, the nonaction thereon for sixty days by the common council, and the giving of due notice of and bond upon appeal, as required by the said charter. A general demurrer to this complaint was overruled, and the city appeals.

*James Wickham,* for the appellant.

For the respondent there was a brief by *W. H. Frawley,* attorney, and *H. B. Walmsley,* of counsel, and oral argument by *Mr. Frawley.*

WINSLOW, J. The charter of the city of *Eau Claire,* like that of many other cities, prohibits the bringing of actions against the city in the ordinary way, and requires the claimant to file his claim with the city clerk, and to appeal from the decision of the common council thereon in case it be necessary to invoke legal remedies. The complaint in the present action shows that an injury was received by reason of a serious defect in one of the city's sidewalks, and further shows that the plaintiff has taken every step required of her by the charter of the city and by the general statutes of the state to fix the liability of the city, and to perfect her appeal from the council's disallowance of her claim; but it does not allege that the city clerk of the defendant city, has made his return to the circuit court of the proceedings had before the council and the papers in the case, as the charter requires, and

on this ground the defendant challenges the legal sufficiency of the complaint.

The simple question presented is whether it is necessary for the plaintiff in his complaint to allege the making and filing of the clerk's return in response to the appeal. The demurrant's contention is that the filing of the return is jurisdictional; that, until the return is filed, the court cannot proceed; nor is a cause of action stated, because the statute provides that upon the filing of the return "such appeal shall be entered, tried and determined in the same manner as cases originally commenced in the circuit court." Laws of 1889, ch. 184, subch. VII, sec. 25. This court has said in a number of cases that in actions of this kind the complaint should allege the facts made requisite by the charter to give the court jurisdiction (*Watson v. Appleton,* 62 Wis. 267, 22 N. W. 475; *Koch v. Ashland,* 83 Wis. 361, 53 N. W. 674), and has also said that an appeal from a decision of the county board cannot be said to be pending in the circuit court, within the meaning of sec. 2811a, Stats. 1898, until the return of the county clerk is filed in court in response to the appeal. *Rice v. Ashland Co.* 108 Wis. 189, 84 N. W. 189. The present contention has not been made in this court before, although it would seem that among the great number of cases of a similar nature which have reached this court the objection, if tenable, would long since have been raised. However, a proposition is not to be condemned merely because of its novelty, though that fact may justify closer inspection. There is nothing in the charter of the city of *Eau Claire,* nor do we know of any general statutory provision, which requires formal pleadings to be made in the circuit court. The entire matter evidently rests in the discretion of the court. Doubtless it is wise to order the making of formal pleadings in such cases, but the refusal to require formal pleadings could hardly be assigned as prejudicial error unless it appeared that the discretion vested in the court was abused. As the jurisdictional facts

relating to the proper taking of the appeal will always appear
from the return, and thus be within the court's knowledge, it
may perhaps be doubtful whether it was wise or helpful to
require that the complaint should state them.  But, as this
question has been settled by the cases cited, and we do not
care to disturb the rule, we shall not discuss it.  The question
is, what are the facts made requisite by the charter to give the
court jurisdiction?  We are not inclined to give these words
a signification any broader than necessary.  It must be con-
ceded that the action cannot be tried in circuit court until the
return is made.  The action is not pending, for the purposes
of trial at least, until the filing of the return.  This must be
so not only as the result of the ruling in *Rice v. Ashland Co.,
supra,* but also from the language of the charter before quoted.
But it is inaccurate to say that, because the court has no
power or jurisdiction to try and determine the cause, it has
no jurisdiction to do anything in the action.  It may have
jurisdiction for some purposes, though not for the trial.
Thus, in case of an appeal from justice's to circuit court the
latter court cannot proceed to try the cause until the return
of the justice is made, but it may make an order *in the cause*
compelling a return.  *Bruins v. Downey,* 45 Wis. 496.  So
we have no doubt in the present case, if the city clerk neglects
or refuses to make his return, the circuit court could make an
order *in the case* requiring the return to be made, and not
drive the plaintiff to the necessity of commencing a separate
action of *mandamus.*  This can only be possible on the ground
that the court has jurisdiction for some purposes upon the per-
fecting of the appeal, although not for trial of the case until
the return is filed.

We do not feel disposed to place any greater burdens on
litigants in the matter of drawing their complaints than nec-
essary.  It seems quite onerous enough that they are obliged
to set forth all the facts necessary to make a complete com-
mon-law or statutory cause of action and to show a perfect

appeal. The complaint, we think, may well rest there. The plaintiff has taken every step required of her, and has set it forth in her complaint. The act of the public officer which is required to be performed in response to the plaintiff's acts before the case can be tried may well be allowed to be proven by the return, which is always before the court, like the officer's return on a summons.

*By the Court.*—Order affirmed.