LARIDAEN, Respondent, vs. RAILWAY EXPRESS AGENCY, INC., Appellant.

*April 4—May 8, 1951.*

The cause was submitted for the appellant on the brief of *Lloyd L. Chambers* of Mauston, and for the respondent on the brief of *Curran & Curran* of Mauston.

GEHL, J.   It appears from a careful examination of the record that there is nothing pointing to the cause of the dog's condition when it arrived at Mauston except the statement of the Mauston veterinarian that it was his opinion that the dog must have received a blow.  His testimony permits of no more than conjecture as to the cause.  The record is in such state that neither the jury, the court, nor we may attribute the dog's condition to any particular cause.

The common-law rule is that, in the absence of special contract, the liability of a common carrier for the loss or injury of property received by it for transportation, subject to certain exceptions is, in effect, that of an insurer.  9 Am. Jur., Carriers, p. 813, sec. 661.  The rule is applicable in

the case of transportation of livestock, 9 Am. Jur., Carriers, p. 841, sec. 694, p. 948, sec. 845, and is stated in *John Schroeder L. Co. v. Chicago & N. W. R. Co.* 135 Wis. 575, 578, 116 N. W. 179:

"The defendant is a common carrier and as such contracted with the plaintiff to transport the horses and other personal property in question from Saxon to Ashland for the usual consideration. Under this contract defendant was an insurer against all damage to or loss of the property intrusted to it during transit, except such loss or damage as might arise from the acts of God, public enemies, or the acts of the owner himself, and also 'subject to some restrictions and liabilities arising out of the instincts, habits, propensities, wants, necessities, vices, or locomotion of the animals.' "

The duty of the carrier is absolute unless it is able to bring its case within one of the exceptions to the rule, and where he relies upon one of the exceptions it is his burden to show that the exception is a cause of the loss. 9 Am. Jur., Carriers, p. 944, sec. 840.

Defendant failed to establish that the loss arose either from an act of God, a public enemy, or the act of the owner. The record is also barren of any proof that the loss was caused by any of the instincts, habits, propensities, wants, necessities, vices, or locomotion of the dog.

The trial court properly concluded that the defendant had failed to establish that it had relieved itself of its obligation as an insurer.

Defendant contends that the provisions of secs. 174.05 and 174.10, Stats., prevent recovery. It is provided in sec. 174.05:

"Every owner of a dog more than six months of age on January first of any year . . . shall annually, at the time and in the manner provided by law for the payment of personal property taxes, pay his dog license tax and obtain a license therefor. . . ."

Sec. 174.10 (1), Stats., provides:

". . . No action shall be maintained for an injury to or the destruction of a dog . . ." unless tagged and licensed.

Personal property taxes are payable on or before February 28th, sec. 74.031 (2), Stats. The dog arrived at Mauston on January 14, 1949, and died on February 9, 1949.

To say that the statutes should be read so as to deny recovery in this case where the dog was approaching death when it arrived at Mauston and actually died when plaintiff still had nearly three weeks within which he was required to pay for and obtain a license would be to ignore the rule that statutes in derogation of the common law are to be strictly construed, *Calvetti v. Industrial Comm.* 201 Wis. 297, 230 N. W. 130, and that "a statute should not be construed so as to work an absurd result, and when it may be so construed ambiguity results, and justifies the invoking of principles of statutory construction to avert such a result." *Carchidi v. State,* 187 Wis. 438, 443, 204 N. W. 473.

To accept defendant's construction of the statutes would require us to deny recovery even if the dog had died at Mauston and before the removal of its body from the train. Certainly no such absurd result as that was intended by the legislature, particularly since it appears clearly that the exercise by the legislature of the power to license dogs is based, not upon the idea that immunity is to be granted to those injuring dogs, but upon the idea that a dog is liable to work mischief and therefore needs restraint as a protection to the public. *Tenney v. Lenz,* 16 Wis. *566; 3 C. J. S., Animals, p. 1092, sec. 9.

"A construction involving a conclusion so unreasonable, and leading to a result which makes the practical operation of the statute so manifestly unequal and unjust, cannot be supported unless required by language too clear to admit of any other interpretation." *Whitcomb v. Keator,* 59 Wis. 609, 613, 18 N. W. 469.

We do not consider that the language of the statute admits of the interpretation contended for by defendant.

*By the Court.*—Judgment affirmed.