CONNELL, by Guardian *ad litem,* Respondent, vs. LUCK, Appellant.

*May 7—June 2, 1953.*

The cause was submitted for the appellant on the briefs of *George A. Hartman, Leo C. Hartman,* and *Robert G. Hartman,* all of Juneau, attorneys, and *Wilkie, McCusker & Wilkie* of Madison of counsel, and for the respondent on the brief of *Lester A. Buckley* of Hartford, and *Paul A. Hemmy, Jr.,* of Juneau.

Broadfoot, J. The sole question to be determined is whether or not sec. 85.61, Stats., applies to a farmer's tractor being used upon his own farm. This statute reads as follows:

"No vehicle of the tractor type shall be operated unless the driving wheels are protected by suitable fenders."

The plaintiff contends that this is a plain, simple, and unambigous statute. It is conceded that, as a general rule, where a statute is plain and unambiguous no interpretation or construction thereof is necessary. A reading of the statute immediately raises several questions: What is a vehicle? What is a vehicle of the tractor type? Does this refer to a farm tractor in use upon a farm? If so, is the operation referred to the propelling of the tractor or does it refer to the operation of the power take-off with the tractor itself stationary? Are the driving wheels the power take-off wheels to which a belt is attached, or are they the rear wheels of the tractor propelled by the transmission thereto of power from the tractor motor?

The plaintiff says the section refers to farm tractors as defined in sec. 85.10 (8), Stats. However, to completely understand that definition we must refer to the basic definition of "vehicle" contained in sec. 85.10 (1), as follows:

"Every device in, upon, or by which any person or property is or may be transported or drawn *upon a public highway,* excepting, unless specifically included, vehicles used exclusively upon stationary rails or tracks or any vehicle propelled by the use of electricity obtained from overhead trolley structures." (Emphasis supplied.)

Sec. 85.61, Stats., standing alone, is clearly ambiguous.

There is another rule for the construction of statutes which is illustrated by the following quotation from *Pfingsten v. Pfingsten,* 164 Wis. 308, 313, 159 N. W. 921:

"A statute may be plain and unambiguous in its letter, and yet, giving it the meaning thus suggested, it may be so

unreasonable or absurd as to involve the legislative purpose in obscurity. *Rice v. Ashland County,* 108 Wis. 189, 84 N. W. 189. In such case, or when obscurity otherwise exists, the court may look to the history of the statute, to all the circumstances intended to be dealt with, to the evils to be remedied, to its reason and spirit, to every part of the enactment, and may reject words, or read words in place which seem to be there by necessary or reasonable inference, and substitute the right word for one clearly wrong, and so find the real legislative intent, though it be out of harmony with, or even contradict, the letter of the enactment. A thing which is within the intention of the lawmakers and by rules for construction can be read out of it, 'is as much within the statute as if it were within the letter.' *School Directors v. School Directors,* 81 Wis. 428, 51 N. W. 871, 52 N. W. 1049; *Neacy v. Milwaukee County,* 144 Wis. 210, 128 N. W. 1063; *State ex rel. McGrael v. Phelps,* 144 Wis. 1, 9, 128 N. W. 1041; *State ex rel. Husting v. Board of State Canvassers,* 159 Wis. 216, 150 N. W. 542."

Under either rule, construction is necessary. Sec. 85.61, Stats., was enacted by ch. 454, Laws of 1929. Notes in the office of the revisor of statutes indicate that this section and several others were introduced at the request of the state highway commission and were based, in part at least, upon the so-called Hoover National Traffic Code. This was a highway safety measure. It is broad enough to cover farm tractors while being driven or operated upon highways. It refers in no way to the operation of a farm tractor in a hayfield. The complaint, therefore, does not state facts sufficient to constitute a cause of action and the demurrer should have been sustained.

*By the Court.*—Order reversed and cause remanded with directions to enter an order sustaining the demurrer.