EMPLOYERS MUTUAL FIRE INSURANCE COMPANY, Appellant, vs. HAÜCKE, Respondent.

*April 9—May 4, 1954.*

For the appellant there was a brief by *Clark, Rankin & Nash* of Manitowoc, and oral argument by *John P. Nash*.

For the respondent there was a brief by *R. O. Schwartz*, attorney, and *Cashman & Savage* of counsel, all of Manitowoc, and oral argument by *John C. Savage*.

MARTIN, J. The question presented is: Does the fact that the alleged negligent acts and wilful misconduct happened during the commission of a crime absolve the sponsor from liability under sec. 85.08 (9) (c), Stats.?

It is stated in the complaint that Dean Haucke stole the Ferguson automobile and wrecked it while attempting to escape capture. The allegation of theft was necessary to qualify the plaintiff as a proper party to bring this action under the subrogation clause in its policy. But it is clear from the complaint that the action is based, not on the theft, but on the negligent operation which resulted in damage to plaintiff's insured.

In our opinion the language of the statute is so definite and certain that it does not require the application of any rules of construction. The trial court felt that construction was necessary because, although unambiguous in its literal sense, the result to which such meaning leads is so unreasonable and absurd as to involve the legislative purpose in obscurity, citing *Rice v. Ashland County* (1900), 108 Wis. 189, 84 N. W. 189, and other cases. Respondent quotes from *Whitcomb v. Keator* (1884), 59 Wis. 609, 613, 18 N. W. 469, to the same effect:

"A construction involving a conclusion so unreasonable, and leading to a result which makes the practical operation of the statute so manifestly unequal and unjust, cannot be supported unless required by language too clear to admit of any other interpretation."

We see no unreasonable, absurd, or unjust result in applying to the words of sec. 85.08 (9) (c), Stats., their ordinary

and accepted meaning. There is no imputation of criminal conduct to the father in holding him liable for his son's negligence when the damage results from that negligence while the son is driving a stolen car. The statute merely imputes to the father the negligence and wilful misconduct of the minor driver. Had the legislature intended that there should be no responsibility because of criminal acts, it could have said that. Not having done so, it seems plain that the negligent acts of the minor must be imputed to the sponsor in claims arising out of such negligent acts, regardless of whether the automobile is stolen or is being operated with consent.

Sec. 85.08 (9) (c), Stats., is a part of the Uniform Motor Vehicle Operator's License Act, sub. (43) of which states that the act is to be so interpreted and construed as to effectuate its general purpose to make uniform the laws of those states which enact it. We have been able to find no case with identical facts, but in a note in 26 A. L. R. (2d) 1323, reference is made to a case in California, which also has enacted this law, where it was held that the statutory rule of liability does not depend on either consent or knowledge of the parents with respect to the possession or operation of the car by the minor on a particular occasion. *Brown v. Roland* (1940), 40 Cal. App. (2d) 825, 104 Pac. (2d) 138.

The legislative purpose of the law is plain. What the statute is intended to do is protect the public from damage caused by the negligent operation of vehicles by youthful drivers. Nothing in its language indicates that such protection is limited to other users of the highway. In our opinion a literal interpretation of the statute leads to no absurd result. On the contrary, such construction extends protection to all the public, as the legislature intended. Why should not the person whose car is stolen be protected the same as others who suffer damage as the result of a minor driver's negligence? It is the interpretation contended for by respond-

ent that would lead to absurdity, inequality, and injustice in its application.

It is our opinion that the language of the statute is too clear to admit of any conclusion other than that it means what it says. To interpret it as respondent would have us do, it would be necessary to add words to the statute to cover such meaning. This we cannot do. The language used expresses the clear intent of the legislature that the sponsor shall be liable for *any negligence* in the operation of an automobile by the minor.

*By the Court.*—Order reversed and cause remanded with instructions to overrule the demurrer.

CURRIE, J. (*dissenting*). I feel that I must respectfully dissent from the opinion of the court in this case as it is my conclusion that the plaintiff Insurance Company, which stands in the shoes of the owner of the stolen Cadillac, is not entitled to recover against the defendant parent under the provisions of sec. 85.08 (9) (c), Stats. I am in thorough accord with the holding of the learned trial judge, as stated in his memorandum opinion, that this statute was never intended to authorize the recovery of damages against the parent for harm done to a motor vehicle being operated by the minor in a situation where the minor's possession of the vehicle was obtained by a criminal act. To hold otherwise seems to me to reach an absurd result.

A statute should not be contrued so as to work an absurd result, even when the language seems clear and unambiguous. *Connell v. Luck* (1953), 264 Wis. 282, 58 N. W. (2d) 633; *Laridaen v. Railway Express Agency, Inc.* (1951), 259 Wis. 178, 47 N. W. (2d) 727; *Pfingsten v. Pfingsten* (1916), 164 Wis. 308, 159 N. W. 921:

I would, therefore, affirm the order.