June GILBERTSON, Plaintiff-Appellant,

v.

Clifford DE LONG and Carolina Casualty Company, Defendants,

and

Mutual Service Casualty Company, Defendant-Appellee.

No. 13548.

United States Court of Appeals Seventh Circuit.

April 3, 1962.

Rehearing Denied April 26, 1962.

———◇———

Kenneth L. Sigl, Eau Claire, Wis., for appellant.

Francis J. Wilcox, Eau Claire, Wis., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

This appeal involves interpretation of Section 343.15 of the Wisconsin Statutes, which provides under sub-section (2), as follows:

"Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license. The person who so signed is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

The action in the Court below arose out of an automobile accident in which plaintiff June Gilbertson was injured. The undisputed facts are that she was a passenger in an automobile driven by her minor son, William Gilbertson, which collided with an automobile driven by defendant, Clifford DeLong. The jury attributed causal negligence: 40% to William Gilbertson and 60% to Clifford DeLong. Judgment was entered on that verdict.

It was stipulated that Mrs. Gilbertson had sponsored her son's driver's license, and that the automobile which he was driving was insured by appellee, Mutual Service Casualty Company.

Mutual Service Casualty Company filed a motion to vacate the judgment and dismiss the complaint, as to Mutual Service Casualty Company, on the ground that Mrs. Gilbertson's sponsorship of her son made her equally negligent with him, as his negligence was imputed to her by the statute quoted above. The District Court granted that motion, and this appeal followed.

Appellant argues that the sponsorship statute adopted a limited doctrine of imputed negligence or respondeat superior standard, which should have no application between principal and agent, master and servant, partners or participants in a joint enterprise. Appellant's position is that the intent of the legislature is controlling in the construction of a statute; that the legislative purpose of this

statute is to protect the public against damage by youthful drivers [Employers Mutual Fire Insurance Co. v. Haucke (1954) 267 Wis. 72, 64 N.W.2d 426]; that the statute should not be applied outside of the reasonable contemplation of the legislature; and that injury to the sponsor is outside such reasonable contemplation of the legislature. Employers Mutual Fire Insurance Co. v. Haucke, supra; Connell v. Luck (1953) 264 Wis. 282, 58 N.W.2d 633.

In the Haucke case, the Court held that plaintiff insurance company was entitled to recover from the sponsor sums which it had paid to its insured, one Ferguson, for damages sustained when the sponsored licensee Haucke stole the Ferguson automobile and wrecked it while attempting to escape capture. The Court in Haucke said at page 75, 64 N.W.2d at page 428:

> "The legislative purpose of the law is plain. What the statute is intended to do is protect the public from damage caused by the negligent operation of vehicles by youthful drivers. Nothing in its language indicates that such protection is limited to other users of the highway. In our opinion a literal interpretation of the statute leads to no absurd result. On the contrary, such construction extends protection to all the public, as the legislature intended. Why should not the person whose car is stolen be protected the same as others who suffer damage as the result of a minor driver's negligence?"

The Connell case concerned a farm tractor. The Court there stated that if giving a statute its plain and unambiguous literal meaning resulted in an absurdity, so as to involve the legislative purpose in obscurity, construction would be necessary. The Court in Connell found that the statute was a highway safety measure; that it was broad enough to cover farm tractors being operated on highways, but not in hayfields. As the District Judge in the instant case said:

> "The language of the statute is clear and unambiguous. It attaches liability to the parent sponsor for any negligence in the operation of an automobile by his or her child, and under its provisions a parent who signed an application for an instruction permit of a child under eighteen years of age is made liable for the negligent or unlawful conduct of such minor in operating a motor vehicle upon the highways. [citing Klatt v. Zera (1960) 11 Wis. 2d 415, 424, 105 N.W.2d 776]

> "The statute contains no exception. It makes no provision for any exemption for injuries or damages sustained by the sponsor parent."

Nor has the legislature prescribed that imputed negligence under this statute be applied as between principal and agent, joint venturers, or partners.

In the Haucke case, cited by both parties, the Court said that the statute was designed to protect the public. Appellant argues that the legislature, therefore, must have intended not to bar claims between the sponsor and the minor. However, as appellee suggests, barring claims of a sponsor against a negligent minor might encourage a greater degree of supervision over the operation of a vehicle in which the sponsor was a passenger. Thus the clear purpose of the legislature would be better served than by the limited construction which appellant urges upon us.

Other arguments raised by the parties have been considered but found to have no effect in altering our conclusion that the judgment of the District Court must be affirmed.

SWYGERT, Circuit Judge (dissenting).

In Archer v. Chicago, M., St. P. & P. Ry. Co., 215 Wis. 509, 255 N.W. 67, 95 A.L.R. 851, the Wisconsin Supreme Court held that the negligence of an agent which is imputed to a principal will not bar the principal from recovering against the agent. In Klas v. Fenske, 248 Wis. 534, 22 N.W.2d 596, 601, the court said:

"In this connection it is pointed out that as between the members of a joint enterprise the doctrine of imputed negligence has no application. Ordinary negligence on the part of a member of a joint enterprise resulting in injury to the other member renders him liable for the injury."

Moreover, in Johnsen v. Pierce, 262 Wis. 367, 55 N.W.2d 394, 397, the Supreme Court of Wisconsin, in an action by a mother to recover damages for personal injuries against her son because of his negligence in driving a car in which both were riding, said:

"We pass now to Mrs. Johnsen's action against her son. Though Mrs. Johnsen and Robert were engaged in a joint venture, in an action between them the negligence of one venturer is not imputed to the other. Between such parties their liability to each other is the same as though the driver were the host and the plaintiff the guest and the driver owes to the other the care required of a gratuitous agent."

This case unequivocally demonstrates that under the general law of the State of Wisconsin the doctrine of respondeat superior and the principles of imputed negligence are not applicable to actions between joint adventurers.

The statements in the foregoing cases are consistent with the decisional law prevailing generally throughout the United States. Restatement, Torts, § 491, Comment a; 65 C.J.S. Negligence § 158, at 798; 38 Am.Jur. § 238, at 925.

It is my view that there is nothing in Section 343.15(2)[1] to indicate that the restriction on the principles of imputed negligence which the foregoing Wisconsin cases establish should not be read into the statute. It must be presumed that the Wisconsin Legislature had in mind the Wisconsin decisional law prevailing at the time the statute was passed including the meaning which that law had given to the concept of imputed negligence as applied to actions between joint adventurers.

If someone other than plaintiff had sponsored the driver's license of William Gilbertson, plaintiff would be entitled to recover under Wisconsin law. The fortuitous circumstance of her sponsorship should not bar her recovery.

Section 343.15(2) makes the minor who operates a motor vehicle as well as the sponsor liable for damages caused by the operator's negligence. The legislative purpose of the statute is to "protect the public from damage caused by the negligent operation of vehicles by youthful drivers." Employers' Mut. Fire Ins. Co. v. Haucke, 267 Wis. 72, 64 N.W. 2d 426. It was not designed to protect the minor which seemingly is the effect of the holding of the Court in the instant case.

For these reasons I respectfully dissent. I would reverse.