ISAKSEN, Respondent, v. CHESAPEAKE INSTRUMENT COR-
  PORATION, Appellant.
ORR, Respondent, v. SAME, Appellant.
WERNER, Respondent, v. SAME, Appellant.

*February 6—March 5, 1963.*

For the appellant there were briefs by *Spohn, Ross, Stevens & Pick* of Madison, and oral argument by *Edwin C. Pick.*

For the respondents there was a brief by *Orr, Isaksen, Werner & Lathrop* of Madison, and oral argument by *Leon E. Isaksen.*

FAIRCHILD, J. Secs. 180.62 to 180.69, Stats., authorize corporate mergers and consolidations. Sec. 180.69 grants to one who holds shares in a corporation which is a party to a merger or consolidation and who dissents therefrom

the right to recover the fair value of his shares from the surviving corporation upon surrender of his stock certificates. If he takes certain steps to record his dissent, and acts timely, he is entitled to the remedy provided in sec. 180.69 (3), and sub. (4) provides that the remedy is exclusive. He may—

". . . file a petition in the circuit court of the county in which the registered office or principal place of business of the surviving or new corporation is located, asking for a finding and determination of the fair value of such shares, and shall be entitled to judgment against the surviving or new corporation . . ."

At the time of the merger here involved, sec. 180.69 (3), Stats., made no specific designation of the court in which to proceed where the surviving corporation is a foreign corporation having neither registered office nor place of business in this state. Ch. 626, Laws of 1961, became effective January 14, 1962, and amended sub. (3) so that it now makes a specific designation in such case.[1]

As we understand the position of Chesapeake, it is that the provisions of sec. 180.69 (3), Stats., with respect to the remedy must be strictly construed, that the designation of a particular circuit court is a matter of jurisdiction rather than venue, and that if, in cases arising before January 14, 1962, the surviving corporation had no registered office nor place of business in Wisconsin, no jurisdiction to determine and give judgment for the fair value was conferred on any court in this state.

---

[1] "If the surviving or new corporation is a foreign corporation without a registered office in this state, such petition shall be filed in the circuit court of the county where the registered office or principal place of business of the domestic corporation was last located, or if more than one such corporation is involved, then in the circuit court for the county where the registered office or principal place of business of any such corporation was last located."

Thus the question on the merits is one of the proper construction of the statute as it stood before January 14, 1962. A preliminary question is whether the orders of the circuit court were appealable.

1. *Appealability of orders.* Chesapeake raised a question of the jurisdiction of the circuit court for Dane county to entertain a proceeding against it when Chesapeake had neither registered office ·nor place of· business in Dane county. Sec. 274.33 (3), Stats., provides that an order which decides a question of jurisdiction may be appealed. We have previously noted that when this court added this type of order to the list of appealable orders it was mainly concerned with orders deciding a question of the court's jurisdiction over the person of a defendant.[2] We have more recently held that the type of order· so· made appealable was not limited to one which decides a challenge to jurisdiction over the person.[3]

We have also held that in one type of statutory special proceeding, for review of administrative decisions, there can be no appeal to the supreme court except from a final judgment or final order.[4] We rejected the proposition that an order in such a proceeding ·denying a motion to dismiss was appealable as an order which decided a question of jurisdiction.[5]

Although the proceeding before us was brought in the form of a civil action, there may be some question whether it is one,[6] and if it is not a civil action, it is a special pro-

[2] *Alsmeyer v. Norden* (1961), 14 Wis. (2d) 451, 454, 111 N. W. (2d) 507.

[3] *Vande Voort v. Stern* (1962), 16 Wis. (2d) 85, 90, 114 N. W. (2d) 126.

[4] *Ashwaubenon v. Public Service Comm.* (1962), 15 Wis. (2d) 445, 452, 113 N. W. (2d) 412.

[5] *Supra,* footnote 4, page 449.

[6] "An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement . . . of a right, . . ."

ceeding.[7] Many of the considerations mentioned in *Ashwaubenon,* however, leading us to the conclusion that in a proceeding for review of an administrative decision there can be appeals only from final orders or judgments, do not apply to special proceedings generally nor to this proceeding in particular.[8] We conclude that even if the proceeding now before us is a special proceeding rather than a civil action, an order deciding a question of jurisdiction is appealable, even though it does not finally dispose of the proceeding.

2. *Construction of sec. 180.69 (3), Stats.* Sub. (3) tells us where the petition of dissenting shareholders must be filed if the surviving corporation has a registered office in Wisconsin. Before enactment of ch. 626, Laws of 1961, sub. (3) did not tell us where the petition could be filed if the surviving corporation is a foreign corporation without a registered office in this state. Chesapeake's contention appears to be that the failure to provide for such situation means that no remedy in Wisconsin courts existed under those circumstances.

If sec. 180.69 (3), Stats., be so construed, there is an inconsistency between sub. (3) of sec. 180.69 and sec. 180.68 (1) (b), and an absurdity results. We conclude that

Sec. 260.03, Stats. A proceeding under sec. 180.69 (3) is commenced by the filing of a petition in the circuit court for a particular county, while a civil action is commenced by service of summons or original writ. Sec. 262.02 (1). (Here the complaint was timely filed and stands as the petition.) A proceeding under sec. 180.69 (3) results in a "judgment." A judgment is appropriate in a civil action, but not a special proceeding. Sec. 270.53 (1); *In re Henry S. Cooper, Inc.* (1942), 240 Wis. 377, 386, 2 N. W. (2d) 866; *In re Wisconsin Mut. Ins. Co.* (1942), 241 Wis. 394, 397, 6 N. W. (2d) 330.

[7] Sec. 260.03, Stats.

[8] Ch. 274 is part of Title XXV, Stats. Sec. 260.01 provides that "Title XXV relates to civil actions in the circuit courts . . . and to special proceedings in such courts except where its provisions are clearly inapplicable or inappropriate to special proceedings."

the omission of the designation of a particular court was inadvertent, and that in the situation for which the legislature failed to make a specific designation, the petition could be filed in any circuit court in this state.

The introductory portion of sec. 180.68 (1) (b), Stats., provides:

"If the surviving . . . corporation, . . . is to be governed by the laws of any state other than this state, it shall comply with the provisions of the statutes of this state with respect to foreign corporations *if it is to transact business in this state,* and *in every case* it shall file with the secretary of state of this state: . . ." (Emphasis supplied.)

. The two italicized phrases make it clear that a surviving foreign corporation is required to file the specified documents even where it is not to transact business in Wisconsin. The documents it must file are:

"1. An agreement that it may be served with process in this state in any proceeding . . . for the enforcement of the rights of a dissenting shareholder of any such domestic corporation against the surviving or new corporation;

"2. An irrevocable appointment of the secertary of state of this state as its agent to accept service of process in any such proceeding; and

"3. An agreement that it will promptly pay to the dissenting shareholders of any such domestic corporation the amount, if any, to which they shall be entitled under the provisions of this chapter with respect to the rights of dissenting shareholders."

Thus sec. 180.68 (1) (b), Stats., contemplates that there will be proceedings in this state by dissenting shareholders in a domestic corporation against surviving foreign corporations which do not transact business in Wisconsin and are not required to have a registered office here. It would be inconsistent to provide, as Chesapeake claims sec. 180.69 (3) did, that dissenting shareholders in this situa-

tion had no remedy in Wisconsin courts. It would be absurd to compel a corporation against whom no proceeding could be had in Wisconsin to file an agreement to be served in Wisconsin in such impossible proceeding, an appointment of an agent for service in this state, and an agreement to pay the amount to which dissenting shareholders are entitled under the statute. We are unable to conceive of any reason of policy which might lead the legislature to deny to shareholders so situated the remedy it had provided for others, and Chesapeake has not suggested any.

Chesapeake argues that the enactment of ch. 626, Laws of 1961, dealing expressly with the situation where the surviving corporation is a foreign corporation without a registered office in Wisconsin, and an explanatory note appended to the bill [9] supports its construction that the statute had previously provided no remedy in that situation. The action of the 1961 legislature is consistent with the proposition that the designation of a particular circuit court in which to proceed was an oversight, and neither the enactment nor the language of the note can establish that the legislature which enacted the merger statutes had intended that no remedy should exist.

"Uncertainty of sense does not alone spring from uncertainty of expression. It is always presumed, in regard to a statute, that no absurd or unreasonable result was intended by the legislature. Hence if, viewing a statute from the standpoint of the literal sense of its language, it is unrea-

---

[9] "This subsection provides for the place of filing of a petition by a dissenting stockholder in merger or consolidation cases where the registered office or principal place of business of the surviving or new corporation is located in this state. No such provision is made where the new or surviving corporation is a foreign corporation without a registered office in this state. The proposed amendment will permit in such cases that the petition be filed in the county where the registered office or principal place of business of the domestic corporation was last located."

sonable or absurd, an obscurity of meaning exists, calling for judicial construction." [10]

We are satisfied, from sec. 180.68 (1) (b), Stats., that the legislature intended that where a domestic corporation merged with a foreign corporation, leaving the foreign corporation surviving, the dissenting shareholders in the domestic corporation should have a remedy in Wisconsin courts to recover the fair value of their shares from the surviving corporation whether or not it did business in Wisconsin, and that sec. 180.69 (3) should be construed so as fully to effectuate that intent.

The learned circuit judge concluded that by virtue of the documents which Chesapeake was required to file with the secretary of state, it made his office its registered office, so that the petitions could properly be filed in the circuit court for Dane county. It is our opinion, however, that sec. 180.69 (3) (before enactment of ch. 626, Laws of 1961) should be construed to permit the filing of petitions in any circuit court in the state if the surviving corporation is a foreign corporation having no registered office in Wisconsin. Our reasoning is that sec. 180.69 (3) created a remedy for dissenting shareholders whether the surviving corporation had a registered office in Wisconsin or not. If it did have, the statute limited the proper circuit court to the circuit court for a county in which its registered office or principal place of business was located. If it did not have a registered office in Wisconsin, however, the statute did

[10] *Rice v. Ashland County* (1900), 108 Wis. 189, 192, 84 N. W. 189. See also *State ex rel. Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* (1908), 137 Wis. 80, 85, 117 N. W. 846; *Weiberg v. Kellogg* (1925), 188 Wis. 97, 106, 205 N. W. 896; *Mesar v. Southern Surety Co.* (1929), 197 Wis. 578, 580, 222 N. W. 809; *State ex rel. Jackson v. Leicht* (1939), 231 Wis. 178, 183, 285 N. W. 335; *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 124, 70 N. W. (2d) 657.

not limit the remedy to any particular circuit court. This construction does the least violence to the language of the statute, yet effects the legislative intent. Our ultimate conclusion, that these proceedings were properly brought in Dane county, is the same as was reached by the circuit court.

*By the Court.*—Orders affirmed.