STATE EX REL. GREEN, Respondent, vs. CLARK and others (WISCONSIN REAL ESTATE BROKERS' BOARD), Appellants.

*September 11—October 8, 1940.*

The cause was submitted for the appellants on the brief of the *Attorney General* and *Warren H. Resh,* assistant attorney general, attorneys, and *Elliot N. Walstead,* attorney for the Wisconsin Real Estate Brokers' Board, of counsel, and for the respondent on the brief of *Field & Doll* of Milwaukee.

FOWLER, J.   The question raised in this case is whether the fact that an applicant for a real-estate broker's license is unable to read and write the English language justifies the defendant board in denying him such license.

Par. (e) of sec. 136.05 (1), Stats., provides that such applicant shall set forth "such further information as the board may reasonably require to enable it to determine the trustworthiness . . . and his . . . competency to transact the business of a . . . broker . . . in such manner as to safe-

guard the interests of the public." Sub. (2) of the section provides that "In determining competency, the board shall require proof that the applicant . . . has a fair knowledge of the English language."

Words in statutes are to be given their commonly understood meaning. Language comprises both speech and writing; it is the expression of thought by means of either spoken or written words. Black, Law Dictionary; 36 C. J. p. 719; *Stein v. Meyers,* 253 Ill. 199, 97 N. E. 295. The statute provides that "competency" includes not only "a fair knowledge of the English language," but "competency to transact the business of a real-estate broker." It also declares that in determining competency the board shall require proof that the applicant has a "fair understanding of the general purposes and general legal effect of deeds, mortgages, land contracts of sale, and leases." In the conduct of their business real-estate brokers are often required to draft or under the circumstances existing read the instruments involved in the transactions in which they are engaged. It therefore seems within the purview of the statute that ability to read and write the English language is necessary to "competency" to conduct the business of a real-estate broker. It has been so considered by the board ever since its organization in 1919, pursuant to ch. 656, Laws of 1919, and the practical construction, long continued, given to a statute by those intrusted with its administration is "of great weight and is oftentimes decisive" in determining its meaning. *State v. Johnson,* 186 Wis. 59, 69, 202 N. W. 319.

The facts that the relator has for several years been conducting a real-estate business in Chicago, that he is licensed in Illinois, the manner in which he conducts his business there, and the fact that he does not act as agent for others but operates only in selling real estate owned and platted by himself, are all suggested as reasons why the ruling of

the board in the instant case should not be upheld. By sec. 136.01 (2) (b), Stats., one is a real-estate broker who is engaged wholly or in part in the business of selling real estate, whether or not such real estate is owned by himself. Protection of the public is the purpose of requiring a license. *Payne v. Volkman,* 183 Wis. 412, 419, 198 N. W. 438. The same reasons for protecting the public exist in case of one who is engaged in the business of selling his own real estate as if he were engaged only in selling the real estate of others. The licensing provisions cover the conducting of a business of selling land, not a sale of an individual tract by the owner. The statute, under the facts next above stated, does not exempt dealers in real estate from procuring a license, and it is not for the board to allow exemptions when the statute allows none.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment confirming the action of the board.