GREENEBAUM, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*May 9—June 4, 1957.*

For the appellant there were briefs by *Michael, Spohn, Best & Friedrich,* attorneys, and *Ronald M. Anton* of counsel, all of Milwaukee, and oral argument by *Mr. John S. Best* and *Mr. Anton.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

BROWN, J. The controversy concerns the interpretation of sec. 71.04 (4), Stats. 1945, and sec. 71.05 (5), Stats. 1947. The material parts of the two statutes are identical, so we will refer only to the 1947 enactment. Incidentally, that has now been repealed.

"Sec. 71.05. DEDUCTIONS FROM INCOMES OF PERSONS OTHER THAN CORPORATIONS. Persons other than corporations, in reporting incomes for purposes of taxation, shall be allowed the following deductions: . . .

"(5) Dividends, except those provided in sections 71.03 (1) (e) and 71.03 (2) (d) received from any corporation conforming to all of the requirements of this subsection. Such corporation must have filed income-tax returns as required by law and the income of such corporation must be subject to the income-tax law of this state. The principal business of the corporation must be attributable to Wisconsin and for the purpose of this subsection any corporation shall be con-

sidered as having its principal business attributable to Wisconsin if 50 per cent or more of the entire net income or loss of such corporation after adjustment for tax purposes (for the year preceding the payment of such dividends) was used in computing the taxable income provided by chapter 71. . . ."

The facts are undisputed. Appellant states them thus:

"At all times here material appellant was an individual residing in Milwaukee county, Wisconsin. He filed his Wisconsin income-tax returns for the calendar years 1946, 1947, and 1948 with the assessor of incomes for Milwaukee county. During the years 1946 and 1948 appellant received dividends from J. Greenebaum Tanning Company (hereinafter called the 'Tanning Company') in the sum of $29,970 and $89,910, respectively, which were included by appellant as gross income in his Wisconsin tax returns for said year. Appellant deducted the dividends so received from his gross income as dividends deductible under section 71.04 (4) statutes of 1945 and section 71.05 (5) statutes of 1947. These deductions were disallowed by the assessor of incomes. Appellant's application for abatement of the resulting taxes was denied; and such denial affirmed by the Wisconsin board of tax appeals and the circuit court for Milwaukee county.

"The Tanning Company was an Illinois corporation licensed to do business in Wisconsin; with offices in Illinois and Wisconsin and was engaged in the manufacture of leather at plants in Wisconsin and in Illinois. Its Wisconsin plants were larger in productive capacity than its Illinois plant; and in each of its four fiscal years falling within the period which commenced July 1, 1944, and ended June 30, 1948, 65 per cent or more of the corporation's sales were attributable to Wisconsin, 66 per cent or more of the costs of its sales were attributable to goods manufactured in Wisconsin, 66 per cent or more of its shipping, selling, and general expenses were incurred within Wisconsin, and substantially more than one half of its fixed properties and inventories were located in this state. Substantially over one half of the corporation's income for such four-year period was Wisconsin income subject to taxation under chapter 71

of the statutes, but for each of its fiscal years ended June 30, 1946, and June 30, 1948, its Wisconsin income subject to taxation under chapter 71 was less than 50 per cent of its total income.

"The Tanning Company filed Wisconsin income-tax returns for its fiscal year ended June 30, 1945, and each of the three succeeding fiscal years, and in each of said years it had income subject to taxation under chapter 71."

There is no dispute that the Tanning Company filed Wisconsin income-tax returns and that in each year it had income subject to Wisconsin taxation. The issue, then, centers around the third statutory requirement, attributability of its principal business to Wisconsin and, more narrowly, in determining whether the principal business is attributable to Wisconsin, may any factors be considered other than its use of 50 per cent, or more, of the net income of the corporation, after adjustments, etc., in computing its taxable income?

Although the board of tax appeals stated in its decision that ". . . sufficient facts have been established in the record to warrant the factual conclusion that its principal business was attributable to Wisconsin, that is, using the words 'principal business' in the ordinary sense," nevertheless it held that the statute is a clear and unambiguous legislative command that the 50 per cent test was the exclusive test for determining the location of principal business in a given year and the result of that test is conclusive. The circuit court agreed.

We are unable to reach the conclusion reached below. "Words in statutes are to be given their commonly understood meaning." *State ex rel. Green v. Clark* (1940), 235 Wis. 628, 630, 294 N. W. 25. "It is hardly necessary to repeat again what has so often been said by this court that in the construction of statutes the common, ordinary, or approved meaning of words is to be regarded as the one intended unless inconsistent with the manifest legislative

purpose." *Wadhams Oil Co. v. State* (1933), 210 Wis. 448, 456, 245 N. W. 646, 246 N. W. 687, and cases there cited.

What is the manifest legislative purpose of sec. 71.05 (5), Stats.? To exempt certain dividends from taxation. What dividends? Those paid by corporations whose principal business is attributable to Wisconsin. Is the principal business of this corporation attributable to Wisconsin? "Using the words 'principal business' in the ordinary sense," the board of tax appeals found that it was. Why, then, did not the board uphold the deductibility of the dividends? Because of the statutory provision " . . . and for the purpose of this subsection any corporation shall be considered as having its principal business attributable to Wisconsin if 50 per cent or more of the entire net income . . . was used in computing the taxable income. . . ." The board and the court regarded this as a definition not only of when the principal business is attributable,—which is what the statute clearly and expressly says,—but also a definition of when the principal business is *not* attributable to Wisconsin,—which the statute does not say at all. Under that interpretation the statute simply means that if 50 per cent of a corporation's net income is attributable to Wisconsin the shareholder may deduct its dividends; if less than 50 per cent is so attributable, he may not. The location of principal business, in the ordinary sense, then, is quite immaterial and no sense, ordinary or otherwise, is attached to the words of the statute which make "principal business" one of the three factors to be considered by the taxation authorities. Production of net income supersedes it. "It is an elementary rule for the construction of statutes that effect must be given, if possible, to every word, clause, and sentence thereof." *State v. Columbian Nat. Life Ins. Co.* (1910), 141 Wis. 557, 566, 124 N. W. 502; *Worachek v. Stephenson Town School*

*Dist.* (1955), 270 Wis. 116, 122, 70 N. W. (2d) 657. When one reads sec. 71.05 (5), Stats., one sees immediately that the attributability of principal business is of primary concern. Under the department's interpretation, it is of no concern whatever. If that had been the intention of the legislature that body chose a most cumbersome and unpersuasive manner of expressing itself. We think the error lies in the interpretation by respondent rather than in a legislative inclusion of much meaningless language.

What, then, does the statute direct? In our view the statute says that dividends are deductible if the principal business of the corporation is attributable to Wisconsin. To determine that fact the tax authorities shall look at the returns of the corporation. If they find that 50 per cent of its net income was used in computing its Wisconsin taxable income they need look no farther. The statute is satisfied. But if they cannot so find then they must look farther and determine the still-vital fact of principal business by any other appropriate tests,—just as the board did here when it found that in the ordinary sense the Tanning Company's principal business *was* attributable to Wisconsin.

This meaning seems to us to be clear and unambiguous. It has the virtue of giving to words their ordinary meaning, of giving effect to all parts of the statute, and of avoiding the reading into the statute of a condition, not expressed therein, and which deprives of meaning much of what was expressed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

FAIRCHILD, J. (*dissenting*). The provision interpreted in the majority opinion was intended to avoid double taxation by Wisconsin of corporate profits. In the original Income Tax Law and until 1927 this provision was worded so as to accomplish its object with exact nicety. Where only a

percentage of a corporation's net income was taxed in Wisconsin only that same percentage of its dividends could be deducted by a Wisconsin taxpayer who received them. See *Van Dyke v. Milwaukee* (1915), 159 Wis. 460, 466, 146 N. W. 812.

In 1927 the law was changed into substantially the form controlling this case. Ch. 539, Laws of 1927. It permitted complete deduction of dividends from some corporations and completely denied deduction of dividends from others. The purpose of the change can only have been administrative convenience. Instead of applying the exact percentage of a corporation's net corporate income taxed in Wisconsin to its dividends in order to determine the amount a taxpayer could deduct, an arbitrary line was drawn and the dividends of corporations falling on one side of the line could be deducted *in toto,* those of others not at all.

I conclude that the legislature, which was relieving the commission from a burden of arithmetical computation, did not intend to saddle it with the burden of determining the frequently complex question of fact whether a corporation's principal business was attributable to Wisconsin. Moreover, this happens to be an instance where an arbitrary percentage test is far more relevant to the purpose of the statute than is some other concept of principal business. Finally, for twenty-four years every Wisconsin taxpayer was informed by official instructions, as well as by the terms printed on his return, that the 50 per cent test was THE test of deductibility of dividends. Thousands of taxpayers throughout that period presumably figured their deductions and paid their taxes in reliance upon the position of the commission and the department that the 50 per cent test controlled.

The rule in favor of giving effect to all the words used in the law should not be followed so far as to obstruct the general purpose of the law and at most should raise an

ambiguity which can be resolved by long-continued administrative construction. The judgment of the circuit court ought to be affirmed.

I am authorized to state that Mr. Justice BROADFOOT joins in this dissent.